UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

AL QASSIMI ACADEMY,  
An Israeli Association and  
Its Directors and Members,

Case No.
Hon.

Jury Demanded

        Plaintiffs,

v.

ISMAIL A. ABUHALTAM,  
an Individual,

        Defendant,
_____/
Mohamed J. Zaher (P52020)  
Advanta Law PLC  
Attorneys for Plaintiff  
24300 Southfield Rd, Suite 210  
Southfield, MI 48075  
(248) 281-6299  
Lawyers@Advantalaw.com
_____

**VERIFIED COMPLAINT AND
REQUEST FOR PRELIMINARY
AND PERMANENT INJUNCTION**

Plaintiffs, AL QASSIMI ACADEMY and Its Directors and Members ("Al Qassimi") complains against Defendant, ISMAIL A. ABUHALTAM ("Abuhaltam") as follows:

**JURISDICTION AND VENUE**

1. Plaintiffs, AL QASSIMI ACADEMY and Its Directors and Members, is an Israeli Association, based in country of Israel.

2. Defendant Ismail A. Abuhaltam is a Michigan citizen and resident of Okemos, Michigan.

1

3. The amount of controversy exceeds $75,000 exclusive of costs and interest.

4. The Court has diversity jurisdiction under 28 USC 1332.

5. This action arises under the United States Constitution, particularly the First Amendment, U.S. Const. amend. I, specifically unprotected speech, incitement, fighting words, true threats, and defamation.

6. This Court is vested with original jurisdiction over these federal claims by operation of 28 U.S.C. §§ 1331.

7. This Court is vested with authority to grant the requested declaratory judgment by operation of 28 U.S.C. §§ 2201 and 2202, and pursuant to Federal Rule of Civil Procedure 57.

8. This Court is authorized to issue the requested injunctive relief pursuant to 42 U.S.C. §5411 and Federal Rule of Civil Procedure 65.

9. Per 28 USC 1391(b)(2), venue is proper in this Court because Defendant resides in the city of Okemos Michigan. Further, venue for this case is proper in the Western District of Michigan, in that a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is subject of the action is situated in the Western District of Michigan.

## GENERAL ALLEGATIONS

10. Plaintiffs incorporates by reference all allegations stated in paragraphs 1 through 9 above as if restated herein word for word.

11. Plaintiffs ("Al Qassimi") and it members and directors bring this action against Defendant ("Abuhaltam"). Defendant Abuhaltam has engaged in making slanderous and defamatory online postings against Plaintiffs Al Qassimi and it members and directors, primarily

2

through his Facebook account and other social media platforms, using fighting words and inciting violence against the Plaintiff's Board members, educational staff, and their families, and thereby endangering their lives. Plaintiffs Al Qassimi and and it members and directors are requesting from this Honorable Court to issue a Temporary Restraining Order and Preliminary Injunction Order against Defendant Abuhaltam, Plaintiffs Al Qassimi and and it members and directors are also requesting from this Honorable Court to issue a Permanent Injunction, and grant damages against Defendants Abuhaltam. In support of its pleading and petition, Plaintiffs Al Qassimi shows the Court as follows:

## FACTS

12. Plaintiffs incorporates by reference paragraphs 10 through 11 above as if restated herein word for word.

13. Plaintiff Al Qassimi Academy is an Israeli religious and cultural educational institution licensed by the government of Israel to provide educational and religious services.

14. Plaintiff Al Qassimi Academy serves the Muslim Arabic community in Israel by providing educational and religious services.

15. Plaintiff Al Qassimi Academy is a highly reputable educational institution and is known for establishing intra-religious relationships between various communities in Israel.

16. Plaintiffs Al Qassimi Academy's Board of Directors, educational staff, and its associates are individuals of high moral character, and are highly respected in their communities.

17. Israel, the surrounding territories, and countries still suffer from acts of violence and face threats of violence perpetrated by extremists.

18. Extremist groups frequently threaten and target members of the Muslim Arabic community in Israel, accusing them of being "too close" to the government of Israel or "agents" or "proxies" the government of Israel.

19. Defendant Abuhaltam, a resident of Okemos Michigan, is engaged in acts of defamation and slander against Plaintiffs Al Qassim, through online social media outlets such as Facebook and other media platforms and accounts to insult and mock Plaintiff's leaders and faculty members, see Exhibit A.

20. Defendant Abuhaltam uses computer software tools such as Photoshop or other similar apps to create images and/or change the shapes to mock, insult, defame, and slander the Plaintiffs and its members and leaders, see Exhibit A.

21. Defendant Abuhaltam posts slanderous and defamatory cartoon images of the Plaintiff's leaders and its members as "pigs" and other "pig-like" images. Pigs are considered by Muslims as vile, derogatory, disparaging, and filthy. Being depicted as pigs is the equivalent of an accusation of being heathens and disbelievers, see Exhibit A.

22. By using pig-like images in depicting the leaders and officials of the Plaintiffs, Defendant Abuhaltam is purposely defaming the Plaintiffs, enticing the extremists to target the Plaintiffs and its leaders and officials with acts of violence as "enemy heathen disbelievers."

23. Defendant Abuhaltam accuses Plaintiffs and its leaders and members as "agents" and "proxies" of the government of Israel, thereby endangering their lives and property, see Exhibit A.

24. Plaintiffs and its leaders and members are not agents or proxies of the government of Israel, and as such are false and defamatory.

25. By using terms like "agents" and "proxies" of the government of Israel, in depicting the leaders and officials of the Plaintiff, Defendant Abuhaltam is purposely defaming the Plaintiffs enticing the extremists to target the Plaintiffs and its leaders and officials with acts of violence as "enemy disbelievers."

26. Defendant Abuhaltam uses fighting words and incites readers to commit acts of violence against Plaintiffs, including possible assassination attempts by extremist groups.

27. Since Plaintiffs survive on donations and tuitions to sustain its operations, Plaintiffs have suffered financially as a result of the Defendant's tortious conduct as set forth infra.

28. Plaintiffs' leaders and officials have suffered emotionally as a result of the Defendants tortious conduct as set forth infra.

WHEREFORE, Plaintiffs seeks judgment against Defendant in an amount in excess of $1,000,000, together with a permanent Injunction prohibiting the Defendants from further perpetuating the Libel and Slander and Costs and Attorney fees and any other relief deemed Just and Equitable.

## COUNT I DEFAMATION

29. Plaintiffs incorporate by reference paragraphs 12 through 28 above as if restated herein word for word.

30. Prima facie defamation exists in this case since the Defendant has made: a) false statements purporting to be fact; b) published these false statements to a third person through the internet and social media; c) done so with actual malicious intent of inflicting harm and recklessly ignoring the truth; and d) caused harm and damages to the reputation of the Plaintiffs, its leaders and members.

31. Defendant knowingly made false statements by accusing the Plaintiffs to be "agents," "proxies" or working for the government of Israel, and purporting them to be true.

32. Defendants published the remarks to third parties, through Facebook and other online social platforms, with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

33. The publications were not protected speech and were not privileged.

34. Defendant published these postings with actual malice, because the Defendant either knew the statements were false or recklessly disregarded whether they may be false and acted with malicious intent to publish them, *New York Times Co. v. Sullivan, 376 U.S. 254*.

35. Defendant has been publishing these defamatory statements since March 2022 and continues to this day to publish new similar defamatory statements.

36. The publication of these remarks has resulted in damage to Plaintiffs' reputation (both institution and leaders) in the community and economic loss, including, but not limited to, the following:

    a. loss of students, tuitions, grants, and donations, from the date that the donations and tuitions would have been acquired through the present and into the future

    b. emotional distress by receiving death threats

    c. humiliation, mortification, and embarrassment

    d. anxiety and fear of random acts of violence

    e. other damages that may arise during the course of discovery and the course of this trial

37. Defendant's accusations were defamation per se and were made with actual malice, and are not protected speech.

6

WHEREFORE, Plaintiffs seeks judgment against Defendant in an amount in excess of $1,000,000 together with a permanent Injunction prohibiting the Defendant from further perpetuating the Libel and Slander and Costs and Attorney fees and any other relief deemed Just and Equitable.

## COUNT II-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiffs incorporate by reference paragraphs 29 through 37 above as if restated herein word for word.

39. Defendant's conduct as outlined above was malicious and intentional.

40. Defendant's conduct as outlined above was extreme, outrageous, and of a character not to be tolerated by a civilized society.

41. Defendant's conduct as outlined above was for an ulterior motive or purpose.

42. Defendant's conduct resulted in severe and serious emotional distress.

43. As a direct and proximate result of Defendant's conduct, Plaintiffshas been damaged in the manner outlined above.

WHEREFORE, Plaintiffs seeks judgment against Defendant in an amount in excess of $1,000,000 together with a permanent Injunction prohibiting the Defendant from further perpetuating the Libel and Slander and Costs and Attorney fees and any other relief deemed Just and Equitable.

## APPLICATION FOR
## TEMPORARY INJUNCTION

44. Plaintiffs incorporate by reference paragraphs 37 through 43 above as if restated herein word for word.

45. Plaintiffs ask the Court to enter a preliminary injunction and permanent injunction that: (1) requires Defendant to cease and desist from publishing derogatory and false posts online or through social media or third parties.

46. To obtain a preliminary injunction, a party must plead and prove (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury before trial. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

## CAUSES OF ACTION

47. Plaintiffs incorporate by reference paragraphs 43 through 46 above as if restated herein word for word.

48. The factual allegations contained in paragraphs of this Complaint provide ample evidence to sustain the causes of action alleged herein. These factual allegations and the causes of action contained in of this Complaint are fully incorporated herein, and Plaintiffs reliy upon these paragraphs in its application for preliminary injunction.

## PROBABLE RIGHT TO RELIEF SOUGHT

49. Plaintiffs incorporate by reference paragraphs 47 through 48 above as if restated herein word for word.

50. Defendant is quite aware of the conflict involving Israel and its Arab residents and surrounding territories and countries, and is purposely attempting to incite violence against the Plaintiffs by depicting them as agents and proxies of the government of Israel thereby falsely accusing them as being enemies of the Arabs. The Defendant knowingly publishes these defamatory statements as fighting words in order to incite extremists to commit acts of violence against the Plaintiffs, their leaders, and officials.

51. Plaintiffs have a probable right to the relief it seeks. Defendant has used computer and online platforms to intentionally defame and slander Plaintiffs with actual malice thereby endangering the lives of the Plaintiff's officials and the business of the Plaintiff's institutions. Thus, these actions establish a right of recovery on the causes of action against Defendant.

## IMMINENT HARM

52. Plaintiffs incorporate by reference paragraphs 49 through 51 above as if restated herein word for word.

53. Plaintiffs' leaders, officials, and staff are in imminent danger because Defendant is using vile and defamatory publications, thereby endangering their lives.

54. The imminent harm is undeniable because the region in Israel and surrounding territories are known for extremist violence based on incitement and provocation.

## IRREPARABLE INJURY

55. Plaintiffs incorporate by reference paragraphs 52 through 54 above as if restated herein word for word.

56. Defendant's vile and defamatory publications will turn away donors and perspective students from donating funds and paying tuition, and as a result Plaintiffs will be irreparably harmed.

## NO ADEQUATE REMEDY AT LAW FOR DAMAGES

57. Plaintiffs incorporate by reference paragraphs 55 through 56 above as if restated herein word for word.

58. Unless Defendant is ordered and enjoined by this Court from ceasing, desisting and refraining from publishing the defamatory and false postings against Plaintiffs and its officials, Plaintiffs will have no means by which to recover from the damage caused by the acts of the Defendant.

## RELIEF SOUGHT

59. Plaintiffs incorporate by reference paragraphs 56 through 58 above as if restated herein word for word.

60. To protect Plaintiff's rights and assets, Plaintiffs seek a preliminary injunction for the pendency of this cause enjoining and/or ordering that Defendant cease, desist and refrain from publishing the defamatory and false postings against Plaintiffs and its officials.

61. It is essential that the Court immediately and temporarily restrain Defendant as set forth above. In order to preserve the status quo and the property, rights, and safety of the Plaintiffs and its officials during the pendency of this action, Defendant should be cited to appear and show cause why they should not be restrained, during the pendency of this action, from the actions detailed above.

## DAMAGES

62. Plaintiffs incorporate by reference paragraphs 59 through 61 above as if restated herein word for word.

63. In addition to the injunctive relief contained herein, Plaintiffs have suffered damages in an amount that exceeds the jurisdictional limits of this court.

## LEGAL FEES

64. Plaintiffs incorporate by reference paragraphs 62 through 63 above as if restated herein word for word.

65. Plaintiffs request its attorneys' fees and expenses pursuant to 18 U.S.C. 1030 et. seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs through its counsel moves this Honorable Court for entry of an order granting it the relief for actions caused by the abhorrent conduct of Defendants, as such:

(1) Temporary injunction for the pendency of this cause enjoining and/or ordering that Defendant cease, desist and refrain from publishing the defamatory and false postings against the Plaintiffs and its officials;

(2) Permanent injunction to prevent Defendant from publishing the defamatory and false postings against the Plaintiffs and its officials;

(3) Order Defendant to pay Damages for the vile and defamatory false publications, including actual and exemplary damages against Defendant and its costs on its behalf incurred, attorneys' fees, pre-judgment and post-judgment interest; and for such other and further relief, general and special, legal and equitable, to which Plaintiffs may show itself justly entitled.

THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY INFORMATION KNOWLEDGE AND BELIEF.

DECLARATION of _Afifabo Toamy_

DIRECTOR OF AL QASSIMI ACADEMY

PURSUANT TO 28 U.S.C. § 1746

I, _Afifabo Toamy_, do hereby declare and verify as follows:

1. I, _Afifabo Toamy_, am a Board member and Director of the Al Qassimi Academy, the Plaintiffsin the above captioned matter, and as a Board member and Director of Al Qassimi am also individually a Plaintiff in the above captioned matter.

2. I have personal knowledge of the following facts and would testify competently to each fact stated herein.

3. All the claims and publications made by the Defendants against us are false.

4. I will testify under oath if called to do so at the trial

I hereby certify that the facts set forth above are true to the best of my personal knowledge, information and belief, subject to the penalty of perjury, pursuant to 28 U.S.C. § 1746

[signature and stamp with Arabic: أكاديمية القاسمي ج.م / هيئة المديرين and Hebrew: אקדמיית אלקאסמי / ועד מנהל]

Name: _Afif abu Toamy, Head & chairman of AlQassimi academy committee_
Board Member and Director
Al Qassimi Academy

Dated: March _16_, 2023

12

Advanta Law PLC

/s/ Mohamed J. Zaher
Mohamed J. Zaher (P52020)
Attorneys for Plaintiffs
24300 Southfield Rd, Suite 210
Southfield, MI 48075
(248) 281-6299
Lawyers@Advantalaw.com

Dated: March 20, 2023