UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AL QASSIMI ACADEMY, an Israeli Association and Its Directors and Members, Plaintiff, | )<br>)<br>)<br>) |
| -v- | )<br>)<br>) |
| ISMAIL A. ABUHALTAM, Defendant. | )<br>)<br>)<br>) |

No. 1:23-cv-289

Honorable Paul L. Maloney

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Al Qassimi Academy seeks a temporary restraining order against Defendant Ismail Abuhaltam (ECF No. 3). Specifically, Plaintiff asks the Court to enjoin Defendant from making false and defamatory statements about it on Facebook and other social media outlets. Because Plaintiff has not established an irreparable injury that it will suffer before the matter can be heard, the Court must deny the motion.

I.

Plaintiff is an academic institution located in Israel. The Israeli government has issued a license to the Academy. The Academy provides educational and religious services to the Muslim Arabic community in Israel. Defendant is a citizen of Michigan, residing in Okemos, Michigan, which is in Ingham County. Ingham County, Michigan is located in the Western District of Michigan.

Plaintiff complains that Defendant uses his Facebook account and other social media platforms to make false, defamatory, and slanderous statements about the Academy and individuals associated with it. Plaintiff pleads that Defendant uses fighting words and incites

violence against Plaintiff's Board members, staff and their families. Defendant accuses Plaintiff and those associated with Plaintiff of being agents and proxies of Israel. Plaintiff denies being an agent or proxy of the Israeli government. Plaintiff alleges that extremist groups frequently target and threaten members of the Muslim Arabic community in Israel who are seen as agents of or working too closely with the Israeli government. Plaintiff contends that Defendant refers to individuals associated with the Academy as pigs and uses porcine imagery to insult those individuals. Plaintiff pleads that many Muslims consider pigs to be vile, filthy animals and being compared to a pig is equivalent to being accused of being a disbeliever or a heathen. Plaintiff filed a declaration from a board member in which the board members states that "[a]ll the claims and publications made by the Defendants against us are false" (ECF No. 1 ¶ 3 PageID.12).

Plaintiff asserts two causes of action. First, Plaintiff pleads a claim for defamation. Plaintiff alleges that Defendant has made false statements with the intent to harm when he accuses Plaintiff of being an agent of the Israeli government. Second, Plaintiff pleads a claim for intentional infliction of emotional distress.

II.

Along with the complaint, Plaintiff filed a motion for a temporary restraining order. Our United States Supreme Court cautions that temporary restraining orders are extraordinary and drastic remedies that may be issued only under "stringent restrictions" and their limited availability "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and*

*Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438-39 (1974). Decisions regarding a temporary restraining order are within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (citation omitted).

Plaintiff has not met the requirements in Rule 65(b) for a temporary restraining order. The declaration filed with the complaint does not identify an irreparable injury that will occur before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). The declaration only denies the truth of Defendant's statements. And, counsel has not certified in writing any efforts to give notice to Defendant about this matter or provided reasons why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1(B).

For these reasons, the Court **DENIES** Plaintiff's motion for a temporary restraining order (ECF No. 3).  **IT IS SO ORDERED.**

Date:     March 22, 2023              /s/  Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge