UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AL QASSIMI ACADEMY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-cv-289 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| ISMAIL A. ABUHALTAM, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER RESOLVING MOTION FOR MORE TIME, MOTION TO DISMISS AND MOTION TO STRIKE

Plaintiff is an educational institution serving the Muslim Arabic community in Israel. Defendant resides in Okemos, Michigan. In the complaint, Plaintiff alleges Defendant has defamed and slandered Plaintiff in various social media outlets. Plaintiff seeks both damages and injunctive relief.

Currently pending are three motions. Defendant filed a motion for an extension of time to file an answer (ECF No. 7) and a motion to dismiss (ECF No. 8). Plaintiff filed a motion to strike the motion to dismiss (ECF No. 9). The Court will grant the motion for an extension of time, will dismiss the motion to dismiss and will deny the motion to strike.

Plaintiff is currently not represented by an attorney, he is "pro se." This Court must liberally construe the pleadings and other filings of pro se parties. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); see *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). The United States Supreme Court has cautioned that this rule does not relieve a pro se litigant of the obligation to follow a court's procedural rules:

> we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). "[T]he lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and pro se parties must "follow the same rules of procedure that govern other litigants," *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). *See, e.g., In re Sharwell*, 129 F.3d 1265 (6th Cir. Oct. 30, 1997) (unpublished table opinion) ("While Sharwell was proceeding pro se and may not have fully understood the rules of procedure, he was still required to comply with the rules; his pro se status does not exempt him from compliance.").

1. Motion for Extension of Time (ECF No. 7)

Plaintiff asks the Court "for extina of time AT least I need Tow moth to Print All Decoumnt releted to this case witch in the ~~sosha~~ sotial media it is over than 175 thousend pages…" (ECF No. 7 PageID.79). Plaintiff's "motion" exceeds 380 pages. Most of the pages are printouts from various websites. And, most of the pages are in Arabic. Approximately 30 pages are handwritten in English. The Court infers that English is not Defendant's first language. Plaintiff did not file any response and the time to do so has passed.

The Court **GRANTS** Defendant's motion for an extension of time (ECF No. 7). Defendant **MUST** file his answer to the complaint (a responsive pleading) or an appropriate motion no later than May 18, 2023. The Court urges Defendant to review the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the Western District of

Michigan, both of which can be accessed through this Court's website. Generally, a defendant does not need to present any extrinsic evidence (such as print outs from social media) in order to answer a complaint. The Court also directs Defendant to Local Rule of Civil Procedure 7.1(b), which limits exhibits and attachments to a motion to 200 pages per party.

In an exercise of discretion, the Court requires Plaintiff's answer to the complaint or the appropriate motion to be written in English. The Court is unaware of any statute or rule that requires pleadings and motions be written in English. The Court cannot read Arabic. Defendant's submissions indicate he can understand English and has a limited ability to communicate in English.

## 2. Motion to Dismiss (ECF No. 8)

Defendant submitted another 94 pages for his motion to dismiss. Again, most of the pages are written in Arabic and most of the pages are print outs or copies of documents. About four of the pages are handwritten in English. Defendant asks the Court to dismiss the case "becuse I have Alut of witeness over sees and the other Party use the Low to Attack the Other Pebule they have Alat of mony and All How show there coraption sutt ther mouth by using the mony wich steel it from the Poor People by the Name of God and whin hey Do ther Crime they Do it with expert to Cover ther coraption and the have Alut of layer witenesess" (ECF No. 8 PageID.474-75). The Court does not know the content of any of the pages in Arabic.

The Court **DISMISSES without prejudice** Defendant's motion to dismiss (ECF No. 8). Because the Court does not read Arabic, the Court cannot discern the content of most of Defendant's submissions. Defendant may refile his motion to dismiss in English.

3. Motion to Strike (ECF No. 9)

Plaintiff asks the Court to strike Defendant's motion to dismiss because the motion is "vague, ambiguous, and the allegations in the Motion to dismiss are clearly unreadable and immaterial to the controversy ...." (ECF No. 9 PageID.555). Plaintiff relies on Rule 12(f).

The Court **DENIES** Plaintiff's motion to strike (ECF No. 9). The Court has dismissed Defendant's motion. More problematic, Rule 12(f) permits a court to strike pleadings; the rule does not permit a court to strike a motion. *See Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) ("Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings."); *accord Silva v. Swift*, 333 F.R.D. 245, 248 (N.S. Fla. 2019) ("Therefore, courts have held that Rule 12(f) does not authorize courts to strike motions, affidavits, or memoranda in support of motions.")(collecting cases); *Structural Concrete Prods., LLC v. Clarendon America Ins. Co.*, 244 F.R.D. 317, 321 (E.D. Va. 2007) ("[A] motion is not a pleading, and therefore 'it is not proper under Fed. R. Civ. P. 12(f) to make a motion to strike a motion.'") (citation omitted)

IT IS SO ORDERED.

Date:   April 21, 2023                                          /s/  Paul L. Maloney
                                                                                                   Paul L. Maloney
                                                                                                   United States District Judge