UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AL QASSIMI ACADEMY,  )
               Plaintiff,  )
                        )   No. 1:23-cv-289
-v-  )
                        )   Honorable Paul L. Maloney
ISMAIL A. ABUHALTAM,  )
               Defendant.  )
                        )

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Defendant Abuhaltam, proceeding without the benefit of counsel, asks the Court (1) to appoint a translator and either (2) to dismiss the lawsuit or (3) give him more time to respond to the complaint. Plaintiff opposes the motion (ECF No. 13). The Court will deny Defendant's motion.

Plaintiff Al Qassimi Academy is located in Israel. Defendant resides in Okemos, Michigan. Plaintiff pleads that Defendant has made slanderous and defamatory comments about Plaintiff on various social media platforms. Plaintiff asserts two causes of action against Defendant: (1) defamation and (2) intentional infliction of emotional distress.

1. Because Defendant proceeds without the benefit of counsel, this Court must read Defendant's submissions liberally and with tolerance for some mistakes that a licensed attorney might not make. *See Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir. 1999); *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006).

2. The Court declines to appoint Defendant a translator. Ordinarily, the party making requests to the Court would need to provide some legal basis or authority to support

the request. The Court overlooks Defendant's failure to do so. That said, the Court is unaware of any authority that would permit a federal court to appoint a translator to assist a pro se defendant in a civil case. *See Ruiz v. Rojas*, No. 1:22cv1345, 2023 WL 4054557, at *2 (E.D. Cal. June 16, 2023).

3. The Court declines to dismiss the lawsuit. Defendant asserts that all of the witnesses and much of the evidence for his defense are located overseas. Although he does not use the legal terms of art, Defendant's argument functionally requests dismissal for *forum non conveniens*. *See Prevent USA Corp. v. Volkswagen*, 17 F.4th 653, 658 (6th Cir. 2021) (explaining the history of the phrase and the doctrine). "This doctrine allows a court with otherwise valid jurisdiction to decline to exercise such jurisdiction because of case-specific issues of fairness and convenience." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 851 (6th Cir. 2017). Assessing a challenge for *forum non conveniens* requires a court to engage in a three-step process. *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 492 (6th Cir. 2016). The Court must determine the degree of deference owed to the plaintiff's choice of forum; the defendant must prove that an adequate alternative forum exists; and the defendant must show that the chosen forum is unnecessarily burdensome based on public and private interests. *Id.*

Defendant has not demonstrated that the Court should dismiss the case because the forum is not convenient. By itself, the fact that most of evidence Plaintiff might need to defend against the lawsuit is located in other countries does not provide a sufficient basis to dismiss this lawsuit. Even if the Court were to accept this assertion, Defendant would face a different inconvenience if he were forced to defend against a lawsuit filed in Israel where

Plaintiff is located. Plaintiff's choice of forum is arguable more convenient for Defendant than it is for Plaintiff (Defendant lives here, Plaintiff does not). Finally, Defendant has not suggested or established that some other foreign forum would provide an adequate alternative.

4. The Court declines to extend the time for Defendant to file an answer to the complaint. Defendant was aware of this lawsuit against him at least by April 2023 when he first filed a motion for an extension of time. Because the Court will deny Defendant's motion, his answer to the complaint will be due 14 days after he receives notice of this Order. *See* Fed. R. Civ. P. 12(a)(4). His response to the complaint must follow the general rules of pleading. *See* Fed. R. Civ. P. 8(b). Even laboring under the language barrier (English is not Defendant's first language), three months should be sufficient time to draft a response.

5. The Court declines the various requests Plaintiff makes in its response. Relying on Rule 12(f), Plaintiff requests the Court strike Defendant's motion. Plaintiff also requests the Court default Defendant for failing to comply with the Federal Rules of Civil Procedure. Neither request is properly before the Court as Plaintiff has embedded the requests for Court action in a response and has not filed any motion. *See* Fed. R. Civ. P. 7(b)(1) (requests for a court order must be made by motion and in writing); *see, e.g., Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853-54 (6th Cir. 2006) (affirming denial of requests "buried ... in her responses to the defendants' motions"); *Encana Oil & Gas (USA), Inc. v. Zaremba Family Farms, Inc.*, No. 1:12cv369, 2014 WL 1249869, at *1 (W.D. Mich. Mar. 14, 2014) (Scoville, M.J.) ("Every first-year law student should know that a request for a court order must be made by a 'motion.'"). Rule 12(f) permits a court to strike matters from a pleading; the rule

does not permit a court to strike a motion. *Milk Drivers, Dairy and Ice Cream Emps, Laundry and Dry Cleaning Drivers, Clerical and Allied Workers, Local Union No. 387 v. Roberts Dairy*, 219 F.R.D. 151, 152 (S.D. Iowa 2003); *see* Fed. R. Civ. P. 7(a) and (b) (distinguishing between pleadings and motions); *Youn v. Track, Inc.*, 324 F.3d 409, 415 n.6 (6th Cir. 2003) (explaining that motions to dismiss are not "responsive pleadings" as that term is used in Rule 15(a)). Plaintiff has not identified any authority that would authorize the Court to enter default at this point in the lawsuit.

For these reasons, the Court **DENIES** Defendant's motion to dismiss (ECF No. 12).

**IT IS SO ORDERED.**

Date:  July 3, 2023                                        /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge