UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AL QASSIMI ACADEMY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-cv-289 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| ISMAIL ABUHALTAM, | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

Plaintiff Al Qassimi Academy filed a motion for default judgment (ECF No. 25). Because Plaintiff has not met its burden for the relief requested, the Court will deny the motion.

I.

Plaintiff is an educational institution located in Israel. Defendant Ismail Abuhaltam resides in Okemos, Michigan. Plaintiff pleads that Defendant uses social media to post false, defamatory, and slanderous statements about Plaintiff, its members and directors. Plaintiff contends some of Defendant's statements amount to fighting words which put the board members, the staff and their families in danger. The complaint alleges two causes of action: defamation and intentional infliction of emotional distress.

Defendant initially proceeded without the benefit of counsel. The Court denied Defendant's motion to dismiss. Defendant did not timely file any answer to the complaint. Plaintiff moved for entry of default, which the Clerk of Court entered. Defendant filed a motion to set aside the default, which the Court also denied. Soon thereafter, counsel filed

an appearance on behalf of Defendant. Counsel has not filed any motions on behalf of Defendant.

## II.

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. The complaint does not plead a cause of action with "sum certain" damages or with damages that can be made certain by computation. *See* Fed. R. Civ. P. 55(b)(1). Therefore, the Court and not the Clerk must consider the motion for default judgment. *See* Fed. R. Civ. P. 55(b)(2). Following the entry of default, the decision to grant or deny a motion for default judgment falls within the court's discretion. *See Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012); *Lincoln v. Comm'r of Soc. Security*, 62 F. App'x 93, 94 (6th Cir. 2003); *see also* 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2635 (4th ed. 2016) ("When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered.").

Before granting a motion for default judgment, "the district court ha[s] a duty to ensure that the allegations in the ... complaint [are] sufficient." *United States v. $525,695.24 Seized from JPMorgan Chase Bank Investment Account*, 869 F.3d 429, 441 (6th Cir. 2017). Although default has been entered against a party, the court must still consider whether the unchallenged facts constitute a legitimate cause of action, because "a party in default does not admit conclusions of law." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 410 (6th Cir. 2022); *see Anderson v. Johnson*, 194 F.3d 111 (6th Cir. 1999) (unpublished opinion).

> The fact that a default is entered does not automatically result in plaintiff recovering wheat was demended [sic] in the complaint. If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Liability is not deemed established simply because of the default, although it may not be necessary to present testimony to obtain a judgment on the liability issue.

10A Charles A. Wright, *et al.*, § 2688.1 (4th ed. 2016).

With this guidance, the Court considers Plaintiff's pending motion and the two causes of action in the complaint.

The Court concludes that Plaintiff has not met its burden for default judgment. Plaintiff's brief in support of the motion for default judgment does not establish that the facts pled in the complaint prove liability for the two causes of action. The Court identifies a number of initial concerns, all of which will need to be addressed before the Court would consider granting default judgment. The concerns identified below are initial and obvious ones.

1. <u>Proper Plaintiff or Plaintiffs.</u> The complaint pleads causes of action by "Al Qassimi Academy and its directors and members." The complaint does not individually name any director or member nor does the complaint provide any information how many directors or members exist. And, the complaint does not indicate the citizenship or residency of any director or member. To the extent any individual other than Al Qassimi Academy seeks damages, counsel will first need to provide a legal and factual basis for why that entity should be considered a "plaintiff" based on this complaint.

2. <u>Defamation.</u> Plaintiff's defamation claim likely arises under state law, not federal law. *See McDowell v. Paiewonksy*, 769 F.2d 942, 945 (3d Cir. 1985) ("This Court has

repeatedly noted that although defamation has profound First Amendment implications, it is fundamentally a state cause of action."); *see, e.g., Jones v. Bloomingdale's*, No. 17cv1974, 2018 WL 1281819, at *4 (S.D.N.Y. Mar. 8, 2018) ("As an initial matter, any causes of action for slander or other defamation that Plaintiff may have arise under state law rather than federal law."); *Allen v. Speight*, No. 5:08cv103, 2008 WL 2950155, at *2 (N.D. Fla. July 30, 2008) ("'Defamation' is a cause of action under state law, not federal law, and is thus not actionable under § 1983."); *Benes v. Werner*, No. 4:06cv3313, 2007 WL 1703441, at *2 (D. Neb. June 8, 2007) ("Defamation is a state law cause of action, not a federal law cause of action."). Referencing the First Amendment and federal case law in the complaint does not transform a state law defamation claim into a federal cause of action. *See, e.g,. Huffaker v. Huffaker*, No. 05-605, 2006 WL 8438072, at *2 (S.D. Ala. Jan. 25, 2006) ("Plaintiff's complaint can be read to assert two state law claims—defamation and invasion of privacy. Plaintiff has attempted to transform these state law claims into federal causes of action simply by adding references to the federal constitution and federal law to his complaint.").

Generally, a statement constitutes defamation "if, under all the circumstances, it tends to so harm the reputation of an individual that it lowers the individual's reputation in the community or deters others from associating or dealing with the individual." *Johnson v. Michigan Minority Purchasing Council*, 988 N.W.2d 800, 811 (Mich. Ct. App. 2022) (citation omitted). Michigan law requires that the elements necessary to establish a cause of action for defamation "must be specifically pleaded, including allegations with respect to the defamatory words, the connection between the plaintiff and the defamatory words, and the publication of the alleged defamatory words." *Gonyea v. Motor Parts Fed. Credit Union*,

480 N.W.2d 297, 299 (Mich. Ct. App. 1991); *see Ghanam v. Does*, 845 N.W.2d 128, 142 (Mich. Ct. App. 2014) (noting that a "plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory") (citation omitted). And, simply identifying the allegedly defamatory term or phrase will not suffice as "defamatory statements must be analyzed in the proper context. To hold otherwise could potentially elevate form over substance." *Smith v. Anonymous Joint Enter.*, 793 N.W.2d 533, 549 (Mich. 2010).

Under Michigan law, "not all defamatory statements are actionable. If a statement cannot reasonably be interpreted as stating actual facts about the plaintiff, it is protected by the First Amendment." *Ireland v. Edwards*, 584 N.W.2d 632, 636 (Mich. Ct. App. 1998). To be actionable for defamation, a statement must be "provable as false." *Id.* at 637 (citation omitted).

> While the [Supreme] Court has not given any precise test for determining whether particular statements are protected, the reasoning appears to be that certain statements, although factual on their face, and provable as false, could not be interpreted by a reasonable listener or reader as stating actual facts about the plaintiff. Thus, parodies, political cartoons, and satires are generally entitled to protection. However, protection is not limited to these forms.

*Id.* at 638 (all citations omitted). Further complicating the analysis, Michigan courts have found that "ordinary consumers of social media generally understand that statements made in online fora are frequently not intended as assertions of fact even when framed as assertions of fact." *Redmond v. Heller*, 957 N.W.2d 357, 374 (Mich. Ct. App. 2020).

The factual allegations in the complaint do not obviously meet the pleading demands under Michigan law for the Court to find Defendant liable for defamation. The allegations

in the complaint fail to provide the required specificity and context. And, without the necessary specificity and context, the Court cannot determine whether the allegedly defamatory statements are actionable or are opinions protected by the First Amendment.

3. <u>Intentional Infliction of Emotional Distress.</u> To prove a claim for intentional infliction of emotion distress under Michigan law, a plaintiff must show "conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions and other trivialities." *Tope v. Howe*, 445 N.W.2d 452, 459-60 (Mich. Ct. App. 1989) (all citation omitted). Many courts, state and federal, have found that business entities cannot recover damages for emotional injuries because those entities do not experience emotional distress. *See TLC Realty 1 LLC v. Belfor USA Group*, No. 3:31cv56, 2016 WL 1730712, at *1 (S.D. Ohio Feb. 3, 2016) (collecting federal district court opinions); *HM Hotel Props. v. Peerless Indemn. Ins. Co.*, 874 F.Supp.2d 850, 854 (D. Ariz. 2012) (same); *Osprey Cove Real Estate, LLC v. Towerview Constr., LLC*, 808 S.E.2d 425, 429 (Ga. Ct. App. 2017) (collecting federal circuit and district court opinions); *see, e.g., Goran Pleho, LLC v. Lacy*, 439 P.3d 176, 190 n.9 (Haw. 2019) ("We hereby affirm these rulings, as a corporation cannot suffer emotional distress."); *Int'l Union of Operating Eng'rs, Local 150 v. Lowe Excavating Co.*, 870 N.W.2d 303, 322 (Ill. 2006) ("Here, Lowe did not suffer a physical or emotional injury, and the injury sustained was not of a personal nature, as a corporation cannot be personally affronted."); *Barreca v. Nickolas*, 683 N.W.2d 111, 124 (Iowa 2004) ("The

Factory, as a limited liability company, certainly cannot suffer emotional distress; such would stretch the bounds of the legal fiction corporate personhood too far.")

The factual allegations in the complaint do not obviously meet the pleading demands under Michigan law for the Court to find Defendant liable for intentional infliction of emotional distress. The pleadings establish that Defendant has insulted Al Qassimi Academy, but the allegations do not clearly arise to the level of "utterly intolerable in a civilized society." More problematic, even Defendant's acts were so extreme, because Al Qassimi Academy is a corporate entity, it likely cannot obtain any relief associated with emotional distress. Plaintiff will need to provide the Court with both a factual and a legal basis in order for the Court to find Defendant liable for this tort.

4. Relief. Plaintiff seeks over one million dollars in damages, attorney fees, and a permanent injunction that would prohibit Defendant from making additional defamatory statements about Plaintiff. At this stage in the litigation, the question of liability remains. The Court notes that Plaintiff will need to provide some basis for the requested relief. Should the Court find Defendant liable, Plaintiff will have to prove money damages and will also have to identify some legal basis for the Court to award attorney fees. Additionally, the Court has reservations about the requested injunction, which amounts to a prior restraint on free speech. See *Schmitt v. LaRose*, 933 F.3d 628, 638 (6th Cir. 2019) ("The fundamental objection to systems of prior restraint is that they create a risk of government censorship of expressive activity."). Any such injunction must be written with precision and be narrowly tailored. See *Tory v. Cochran*, 544 U.S. 734, 738 (2005).

III.

The Court has reviewed the record and concludes that Plaintiff has not met its burden for a default judgment. Entry of default against Defendant, by itself, does not suffice. Plaintiff has not demonstrated that the facts pled in the complaint establish the elements of the two causes of action. Accordingly, on this record, the Court cannot find Defendant liable for defamation or for intentional infliction of emotional distress.

## ORDER

For the reasons provided in the accompanying Opinion, the Court **DENIES** Plaintiff's motion for default judgment (ECF No. 25). **IT IS SO ORDERED.**

Date:   December 4, 2023                           /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge