UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AL QASSIMI ACADEMY,

                Plaintiff,

                                                                                             No. 1:23-cv-289

v

                                                                                             Honorable Paul L. Malony

ISMAIL ABUHALTAM,

                Defendant.
_____ /

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR JUDGMENT ON PLEADINGS**

**INTRODUCTION**

      Plaintiff is an educational institution located in Israel.  Defendant Ismail Abuhaltam is a United States citizen and a resident of Okemos, Michigan. Plaintiff alleges that Defendant uses online social media websites to insult and mock the Academy's leaders and faculty members. Plaintiff complaint alleges two causes of action: defamation and intentional infliction of emotional distress.

      Defendant initially proceeded without counsel, and did not timely file an answer to the complaint. The Court later denied Defendant's pro se motion to dismiss, and Plaintiff moved for entry of default which the Clerk of the Court entered.  The Court denied Defendant's pro se motion to set aside the default.  Plaintiff filed a motion for a default judgment, and on December 4, 2023,  the Court having fully examined the allegations contained in the complaint, issued a

1

decision and opinion denying Plaintiff's motion for default judgment. Based on the Court's reasonings in denying Plaintiff's motion for default judgment, and relying on the court's opinion, Defendant is presenting this motion for summary judgment pursuant to Fed.R. Civ. P. 56(a) and/or for judgment on the pleadings pursuant to Fed.R. Civ. P. 12(c).

### ARGUMENTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there in no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Johnson v. Karnes,* 398 F. 3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp, v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Two Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposition party may not simply rely on its pleadings; rather it "must produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky Department of Transportation.* 53 F3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the

2

evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* At 248.  A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine", the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.*  To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank,* 916 F.2d 337, 342 (6th Cir. 1990).  The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.*

This Court, in deciding Plaintiff's motion for default judgment, concluded that "Plaintiff has not met its burden for default judgment. Plaintiff's brief in support of the motion for default judgment does not establish that facts pled in the complaint prove liability for the two causes of action." *ECF No. 26, Page ID.* 1700. The Court identified at least two concerns with the Plaintiff's claims: First, the complaint does not individually name any director or member nor does the complaint provide any information how many directors or members exist.  The Court determined that the complaint did not provide a legal or factual basis for why the entity should be considered a "plaintiff".  This Court pointed out that defamation is a cause of action under state law, not federal law, and is thus not actionable under federal law.   After analyzing the

3

Michigan laws on defamation, the Court determined that the factual allegations in the complaint did not meet the pleading requirements under Michigan law, thus the Court could not find the Defendant liable for defamation.

In addressing the Plaintiff's cause of action for intentional infliction of emotional distress, this Court after analyzing the Michigan law, determined that "the factual allegations in the complaint do not meet the pleading demands under Michigan law for the Court to find the Defendant liable for intentional infliction of emotional distress." The Court concluded that the Plaintiff's complaint failed to provide a factual and legal basis to find the Defendant liable.

In this case, the Court's opinion and decision on Plaintiff's motion for default judgment, makes it clear that the Plaintiff has failed to state sufficient facts to be granted a judgment and the allegations in the complaint are insufficient to establish a cause of action for defamation and for intentional infliction of emotional distress.  Therefore, there are no genuine issues of material fact in dispute.

**ARGUMENTS IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

FED. R. Civ. P. 12(c) allows the Defendant, Ismail Abuhaltam, to move for a judgment on the pleadings contained in the Plaintiff's complaint. The complaint filed in this case, does not contain sufficient facts, even if accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Again, the Court's decision on Plaintiff's motion for default judgment makes it clear that the allegations in the complaint are deficient and do not establish a cause of action for defamation and for intentional infliction of emotional distress.  The Court explained that Plaintiff will need to provide the Court with both a factual and

a legal basis in order for the Court to find Defendant liable for the torts claimed by the Plaintiff.[1]

To survive a Rule 12(c) motion, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable theory." *Commercial Money Car., Inc. v Ill Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007); *See also Ashcroft v. Iqbal, supra* at 678.  A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.".*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). The court does not have to accept as true legal conclusions or unwarranted factual inferences *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

In the case before the court, we believe that no material issue of fact exists and the defendant is entitled to a Judgment as a matter of law.  Plaintiff was advised of the deficiencies in its pleadings by this court in its December 4, 2023 decision, but failed to amend its pleadings.

## CONCLUSION AND REQUEST FOR RELIEF

Defendant relying on this court's opinion and decision dated December 4, 2023, respectfully submits that the Plaintiff has failed to demonstrate that the facts pled in the complaint establish the elements of the two causes of action.  Therefore, the Defendant is entitled to a judgment as a matter of law, and requests that this honorable court enter an order granting his motion for summary judgment and/or his motion for judgment on the pleadings.

---

[1] Defendant is not satisfied that the Court has jurisdiction both personal and subject matter in this case. Defendant would reserve the right to challenge the Court's personal and subject matter jurisdiction in case the Court determines that the Defendant can present jurisdictional challenges despite default having been entered by the Clerk

Dated: June 20, 2024

                              Respectfully submitted,

                              /s/Jeffrey A. Chip
                              Jeffrey A. Chip, P.C
                              Behzad Ghassemi
                              Attorneys for Defendant
                              4121 Okemos Road, Suite 13
                              Okemos, MI. 48864
                              Tel: (517) 347-2700
                              Email: jchiplaw@aol.com
                              Email: ghassemilaw@yahoo.com

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 25, 2024, I electronically served Defendant's Motion for Summary Judgment or For Judgment on Pleadings with Supporting Brief on all parties on the ECF service list.

                              /s/ Behzad Ghassemi
                              Behzad Ghassemi

### **SERVICE LIST**

Al Qassimi Academy v. Ismail Abuhaltam
Case No. 1:23-cv-289
United States District Court
Western District of Michigan

Mohammad J. Zaher
Advanta Law PLC
24300 Southfield Road, Suite 210
Southfield, MI. 48075
Tel: (248)281-6299
Email: Lawyers@Advantalaw.com