UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| AL QASSIMI ACADEMY<br>Plaintiff<br><br>v.<br><br>ISMAIL ABUHALTAM<br>Defendant | Case No. 1:23-cv-289<br>Hon. Paul L. Malony<br>Magistrate: Phillip J. Green<br><br><br><br><br>/ |

**PLAINTIFF REPORT OF RULE 26(F) MEETING**

A Rule 16 Scheduling Conference is scheduled for June 27, 2024, at 2:00 p.m.

before the Hon. Phillip J. Green. ECF No. 42. Appearing for the parties as counsel will be:

For Plaintiff:  Mohamed J. Zaher
      Advanta Law PLC
      24300 Southfield Road, Suite 210
      Southfield, MI. 48075
      Tel: (248)281-6299
      Email: Lawyers@Advantalaw.com

For Defendant:

      Jeffrey A. Chip, P.C.
      BehzadGhassemi
      4121 Okemos Road, Suite 13
      Okemos, MI. 48864
      Telephone: (517)347-2700
      Facsimile: (517)347-2704
      E-mail: jchiplaw@aol.com
      Email: ghassemilaw@yahoo.com

1. <u>Jurisdiction</u>: The basis for the court 's jurisdiction:

This is a civil action brought by the Plaintiff alleging jurisdiction under 28 USC 1332 (Diversity of Citizenship). The parties have complete diversity as the Defendant is a resident of the State of

Michigan. Plaintiff is an academy and all of its principals maintain their residence in the Middle East and do not have any residency in the State of Michigan. The amount in controversy exceeds the jurisdictional requirement of $75,000.00

2. <u>Jury or Non-Jury:</u>  This is a jury trial case.

3. <u>Judicial Availability</u>:  The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:  This case involves:

A) <u>Plaintiff's Position:</u>

Plaintiff's position is outlined in it's Complaint filed with the Court. It claims that Defendant uses online social media websites to insult and mock the Academy's leaders and faculty members. Plaintiff alleges two causes of action: Defamation and Intentional infliction of emotional distress.

B) <u>Defendant's position:</u>

Defendant believes that the allegations contained in the complaint are false, and do not meet the factual and legal requirements for the two causes of action outlined in the complaint. Defendant also believes that his online social media posts are protected speech under the First Amendment to the United States constitution, and he is allowed under the U.S. laws to express his opinion. In addition, Defendant believes that his statements posted online are true and as such a valid defense to the complaint's defamation allegations.

5. <u>Prospects of Settlement. The Status of Settlement Negotiations is:</u>

The parties have engaged in a limited settlement negotiations, but have not been able to reach a final settlement.  Plaintiff has previously agreed to dismiss the complaint with conditions thatrequired the Defendant to stop using online social media posts derogatory to the Plaintiff. Plaintiff believes that settlement negotiations are fruitful and believe that the parties should continue to negotiate in good faith. Defendant believes that the conditions imposed by the Plaintiff are unacceptable and unconstitutional.  Defendant believes that his social media posts are protected under the First Amendment to the U.S. Constitution, and he is not willing to give up his constitutional rights in exchange for the dismissal of this case.

6. <u>Pendent State Claims</u>:  This case does not include pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties are unable to agree on Joinder of Parties and Amendment of Pleadings. Defendant is currently in Default in this case. Plaintiff shall file any Motion to Amend the Pleadings by August 31, 2024.

8. <u>Disclosures and Exchanges</u>:

   (a) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the court ordersotherwise.

   The parties are unable to agree on a date to provide initialdisclosures. Defendant is currently in default in this case.

   (b) The parties are unable to agree on a date to name expert witnesses.Defendant is currently in default in this case. Plaintiff expects to be able to furnish the names of Plaintiff's expert witness(es) by November 1, 2024. Defendant expects to be able to furnish the names of Defendants' expert witness(es) by _____.

   (c) The parties are unable to agree on a date to provide expert witness reports. Defendant is currently in default in this case. It would be advisable to in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2).

   (d) The parties are unable to agree on voluntary production at this time.

9. <u>Discovery</u>: The parties are unable to agree on a discovery plan. Plaintiff believes that all discovery proceedings can be completed by April 1, 2025.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>:

The parties have discussed the production of electronically stored information and have not been able to agree on how the electronically stored information should be handled..

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>:

Inadvertently disclosed information that is work product or privileged will be handled consistent with Fed. R. Civ. P. 26(b)(5)(B).

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. L.Civ.R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

- Plaintiff intends to renew its Motion for Entry of Default Judgment
- Defendant has lost its ability to file any Motion for Summary Judgment as it is currently in a default.
- Should the Court allow Motions for Summary Judgment to be filed, Plaintiff believes that Motions for Summary Judgment should be filed no later than 30 days after the close of discovery.
- Defendant intends to file or has already filed a motion for summary judgment under Rule 56(a) and/or for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

The parties anticipate that all dispositive motions will be filed by May 1, 2025.

13. <u>Alternate Dispute Resolution</u>:

    A) <u>Plaintiffs 'Position:</u>

Plaintiff believes that mediation by a magistrate judge will be fruitful during this current period

in which the Defendant is in Default.

    B) <u>Defendants 'Position:</u>

Defendant believes that this case is not amenable to formal ADR due to the nature of the case.

14. <u>Length of Trial</u>: The parties are unable to agree on the length of trial. Defendant is currently in default in this case. Plaintiff believes trial should last approximately 4 days with 3 days allocated to Plaintiff's case and 1 day for Defendant's case. Defendant believes this case should be disposed of by the Courtruling on the parties' dispositive motions. Should the Court decide otherwise, Defendant believes one (1) day is sufficient for trial in this matter.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a

particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16. <u>Other:</u> None.

Dated: June 24, 2024

Respectfully submitted,

| | |
|---|---|
| By:/s/Mohamed J. Zaher-___<br>/S/ Mohamed Zaher _____<br>Mohamed J. Zaher<br>Attorney for Plaintiff<br>Advanta Law PLC<br>24300 Southfield Road, Suite 210<br>Southfield, MI. 48075<br>Tel: (248)281-6299<br>Email: lawyers@Advantalaw.com | |

|  |  |
|--|--|
|  |  |