**UNITED STATES OF AMERICA**
**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

AL QASSIMI ACADEMY,

Plaintiff,

No. 1:23-cv-289
Honorable Paul L. Malony

-v-

ISMAIL ABUHALTAM,

Defendant.
_______________________________________ /

**PLAINTIFF'S MEMORANDA IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

Index of Authorities …………………………………………………………….… iii

Introduction and Issues for Consideration ……………………………………….…. 1

Case Summary and Factual Background …………………………………………..... 1

I. LEGAL STANDARD ……………………………………………………….… 2

A. Motion for Judgment on the Pleadings; Fed.R.Civ.P. 12(c) ………….........….2

B. Fed. R. Civ. P. 56(a). ……………………………………………………….3

II. LEGAL ARGUMENT …………………………………………...……….3

**A.** The Entry of Default Requires the Court to Deny Defendant's Motion.
a) The Entry of Default Precludes Summary Judgment………………. 3

B. Genuine Issues of Material Fact Preclude Summary Judgment……………… 4

a) Defendant's Unsupported Arguments of Deficiency Lack Merit……4

C. Sufficiency of Plaintiff's Pleadings: ……………………………………….. 5

a) Defamation Intended to Incite Violence and Cause Harm………..… 5

D. Intentional Infliction of Emotional Distress ………………………………….6

III. CONCLUSION ………………………………………………………………..6

# TABLE OF AUTHORITIES

CASES .......................................................................................................................PAGE #

*Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110-11 (6th Cir. 1995) ............................................- 4 -

*City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).............................- 3 -

*Ford Motor Co. V. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) ...................................- 3 -

*Jackson v. Pro. Radiology Inc.*, 864 F3d 463, 466 (6th Cir. 2017).............................................- 3 -

*Moderwell v. Cuyahoga Cnty*., 997 F3d 653, 659 (6th Cir. 2021).............................................- 2 -

*Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F2d 1233, 1235 (6th Cir. 1991)............- 2 -

*Rocco J. Lafaro, M.D., et al. v. New York Cardiothoracic Group, PLLC, et al*., 2008 WL 2271277.......................................................................................................................- 4 -

*S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc*.,479 F2d 478, 480 (6th Cir. 1973)- 3 -

*United States v. $23,000 in United States Currency*, 356 F.3d 157, 163 (1st Cir. 2004)............- 3 -

*United States v. $525,695.24, Seized from JPMorgan Chase Bank Inv. Account #XXXXXXXX*, 869 F.3d 429, 440 (6th Cir. 2017).........................................................................................- 3 -

Rules

Fed. R. Civ. P 15 .......................................................................................................................- 4 -

Fed. R. Civ. P. 12(a) ..................................................................................................................- 3 -

Fed. R. Civ. P. 8 and 10 (b) .......................................................................................................- 5 -

Federal Rules of Civil Procedure 56(a) and 12(c) .....................................................................- 1 -

**UNITED STATES OF AMERICA**
**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

AL QASSIMI ACADEMY,

Plaintiff,

No. 1:23-cv-289
Honorable Paul L. Malony

-v-

ISMAIL ABUHALTAM,

Defendant.
______________________________________ /

## PLAINTIFF'S MEMORANDA IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR JUDGMENT ON THE PLEADINGS

## INTRODUCTION AND ISSUES FOR CONSIDERATION:

Plaintiff Al Qassimi Academy, by and through undersigned counsel, respectfully submits this Opposition to Defendant's Motion for Summary Judgment.

Defendant's Motion should be denied since the defendant currently in default, discovery has not begun in the case, and there remain many questions of fact that should properly be left for the for the trier of fact.

## CASE SUMMARY AND FACTUAL BACKGROUND

Plaintiff, an educational institution located in Israel, brought this action against Defendant, Ismail *Abuhaltam*, a U.S. citizen residing in Okemos, Michigan, alleging defamation and intentional infliction of emotional distress. Defendant is not only using the social media to defame plaintiff but also inciting the people in Israel co commit violent acts on Plaintiff’s faculty, equipments and buildings. (See **Exhibit A**)

Defendant in this action, proceeding initially without counsel, filed a motion to dismiss and the court denied it. This honorable court granted him the opportunity to rectify the deficiencies, and the defendant failed to comply and to answer or otherwise file a timely response to the plaintiff's complaint as required by Fed.R.Civ.P. 12, leading to the court's entry of default. The Court subsequently denied Defendant's pro se motions, and Plaintiff's 1st motion for default judgment, but the factual allegations and legal arguments underlying Plaintiff's claims remain viable.

# I. LEGAL STANDARD

## A. <u>Motion for Judgment on the Pleadings; Fed.R.Civ.P. 12(c).</u>

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings is assessed "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *Moderwell v. Cuyahoga Cnty*., 997 F3d 653, 659 (6th Cir. 2021) (citations omitted)."A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" Id. [quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F2d 1233, 1235 (6th Cir. 1991)].

For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Jackson v. Pro. Radiology Inc.*, 864 F3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc*.,479 F2d 478, 480 (6th Cir. 1973)).

**Fed. R. Civ. P. 56(a).**

Summary judgment is appropriate only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.

## II. LEGAL ARGUMENT

### A. The Entry of Default Against Defendant Requires The Court Deny Defendant's Motion.

The entry of default interlocutory order was entered by this court, recognizing that defendant failed to plead or otherwise defends as required by Fed. R. Civ. P 12. A party is in "default" if it has failed to plead or otherwise respond in a timely fashion to a pleading seeking affirmative relief against the party. [See Fed. R. Civ. P. 55(a)]. Although the Court denied Plaintiff's motion for default judgment,[1]the entry of default still remains in full force and effect.

In the case a bar, a summons and complaint were served on defendant, who then failed to respond to the complaint within the allotted time, see Fed. R. Civ. P. 12(a), *United States v. $23,000 in United States Currency*, 356 F.3d 157, 163 (1st Cir. 2004).[2] Entry of a default formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). see also *Ford Motor Co. V. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (Cleland, J.), citing *Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110-11 (6th Cir. 1995) Defendant's failure to timely respond initially precludes defendant from otherwise proceeding in this case

[1] See ECF No. 26

[2] See also *United States v. $525,695.24, Seized from JPMorgan Chase Bank Inv. Account #XXXXXXXX*, 869 F.3d 429, 440 (6th Cir. 2017)

essentially acts as an admission to the allegations in plaintiffs' complaint. Plaintiff argues, this also precludes Defendant from seeking entry of a motion for summary judgment or judgment on the pleadings. Since defendant elected to file this motion in spite the default entered then the court shall deny defendant's motion.

**A. GENUINE ISSUES OF MATERIAL FACT REQUIRE THE COURT DENY DEFENDANT'S MOTION.**

***a. Defendant's Unsupported Arguments of Deficiency Lack Merit.***

Even if the court put the issue of default onside for now, this honorable court should deny the defendant's motion since there are issues of material facts existing. Defendant's in his motion seems that he is relaying e on the Court's prior denial of Plaintiff's motion for default judgment (ECF No. 25). Such reliance is misplaced. The Court's denial was based in substantial part, on procedural grounds a failure to support plaintiff's request for a default judgment, based on lack of a sum certain statement of damage, stating in part at page two (2) of the order.:

> Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. The complaint does not plead a cause of action with "sum certain" damages or with damages that can be made certain by computation. See Fed. R. Civ. P. 55(b)(1).(ECF No. 26 @ pg. 2)

Plaintiff aver, the court did not deny plaintiffs motion as a matter of law, as defendant suggests, based on the substantive merits of Plaintiff's claims. Defendant's assertion that Plaintiff failed to state sufficient facts is contradicted by the detailed allegations in the complaint and supporting evidence. Moreover, as established in *Rocco J. Lafaro, M.D., et al. v. New York Cardiothoracic Group, PLLC, et al*., 2008 WL 2271277, even if a plaintiff's initial pleadings are found insufficient, the opportunity to amend and address the court's concerns is typically afforded. (Fed. R. Civ. P15) However, Plaintiff argues the complaint filed provides sufficient factual matters to state a claim for relief that is plausible on its face as required by Fed. R. Civ. P. 8 and 10 (b).

Defendant argues that Plaintiff's claims are deficient however he states nothing factually in his motion to give an inkling of what or where any of plaintiff's allegations are deficient. Plaintiff as further evidence in support of the allegations in their complaint, submits in response exhibit **A** substantiating the factual issue and argues, taken alone show there are genuine issues of material fact existing with regards to both defamation and intentional infliction of emotional distress claims. It is clearly the defendant motion is defected not only procedurally but also substantively and requires denial.

**B. "Sufficiency of Plaintiff's Pleading:**

a. ***Defamation Intended to Incite Violence and Cause Harm***:

Defendant's statements on social media about Plaintiff's leaders and faculty members are false, defamatory, and have caused substantial financial harm and fear within the social community not only to plaintiff's academy but also to plaintiff's reputation of the faculty. Defendant on many occasions indicated that he has land overseas that had been taken by some faculty member(s). There are facts supported by evidence that indicated by the defendant, if the Plaintiff gave defendant the land he would stop the malicious publishing. It is clear that defendant is using the media in effort to get land otherwise he will continue to blackmail the plaintiff.

It is clear the defendant's conduct and action is retaliating, and the concerns raised by plaintiff regarding the specific statements made by Defendant and the context in which they were made, clearly fall outside of the 1st amendment protections. In light of the facts and evidence presently before the court, at a minimum these raise factual disputes that should properly be left for resolution following discovery by a trier of fact.

**C. Intentional Infliction of Emotional Distress**:

Defendant's conduct in making these statements was extreme and outrageous, intentionally causing severe emotional distress to Plaintiff's leaders and faculty members. Evidence of the emotional and psychological impact on the affected individuals creates a genuine issue of material fact.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion for Summary Judgment and/or Motion for Judgment on the Pleadings in its entirety.

Respectfully submitted,
Advanta Law PLC
/s/ Mohammad J. Zaher
24300 Southfield Road, Suite 210
Southfield, MI. 48075
Tel: (248)281-6299
Email: Lawyers@Advantalaw.com

**Dated:** July, _9____ 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Mohamed Zaher*