UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AL QASSIMI ACADEMY, an Israeli association and its directors and members,<br><br>        Plaintiffs,<br><br>-v-<br><br>ISMAIL A. ABUHALTAM,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:23-cv-289<br><br>Honorable Paul L. Maloney |

## ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT

  Plaintiff Al Qassimi, for a second time, filed a motion for default judgment under Rule 55(b) (ECF No. 51).  The Court denied Plaintiff's earlier motion for default judgment after concluding that the well-pled factual allegations in the complaint failed to establish the elements of either cause of action (ECF No. 26).  Included with this motion and brief, Plaintiff submits evidence purporting to establish both liability and damages.  The Court will deny Plaintiff's motion.  It is not clear that the Court can consider Plaintiff's evidence concerning liability.  And, even if the Court could consider the evidence, the affidavit does not establish liability.

## I.

  Plaintiff Al Qassimi is an educational institution in Israel.  Defendant Ismail Abuhaltam is an individual residing in the Western District of Michigan.  Plaintiff complains that Defendant uses social media to harass and to threaten Plaintiff.  Plaintiff pleads two causes of action, defamation and intentional infliction of emotional distress.  For much of the time this lawsuit has been pending, Defendant did not have legal representation.

Defendant has been defaulted.  In July 2023, the Court denied a motion to dismiss and denied a request for an extension of time to answer the complaint (ECF No. 14).  The Court informed Defendant that his answer to the complaint needed to be filed within two weeks.  He did not timely file an answer.  Plaintiff filed a motion for entry of default, which the Clerk entered (ECF No. 19).  Defendant then filed a motion to set aside the entry of default, which the Court denied (ECF No. 23).

Prompted by the Court, Plaintiff filed a motion for default judgment, which the Court denied in December 2023 (ECF No. 26).  The Court identified several problems with the complaint that precluded judgment.  First, the institution itself is the only named plaintiff. The caption refers to directors and members of the institution but the factual allegations do not identify any individual.  Second, the factual allegations in the complaint, taken as true, did not establish liability for the tort of defamation.  Third, business entities could not recover damages for emotional injuries.

With this background, the Court considers Plaintiff's second motion for default judgment.

## II.

The Court outlined the governing legal principles for default judgments in the earlier order (ECF No. 26).  Those same rules apply here.  Rule 55(b) governs default judgments following entry of default.  Fed. R. Civ. P. 55(b).  When a complaint does not plead a cause of action with sum certain damages or when the damages cannot be made certain by computation, the moving party must apply for default judgment to the court.  *Id.* 55(b)(2). A court's decision to grant or to deny a request for default judgment under Rule 55(b)(2)

falls within that court's discretion. *See Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012). When a party moves for default judgment after entry of default, the district court has a "duty" to review the factual allegations in the complaint to ensure that those well-pled allegations establish a cause of action. *See United States v. $525,695.24 Seized from JPMorgan Chase Bank Investment Account*, 869 F.3d 429, 441 (6th Cir. 2017); *accord City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("Indeed, we have recently suggested that, prior to establishing default judgment, a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'") (cleaned up; citation omitted). This duty or requirement finds support in most of the circuit courts. *See Mickalis Pawn Shop*, 645 F.3d 137 n.2 (collecting cases). Indeed, more than 140 years ago, our Supreme Court made a similar point:

> The bill, when confessed by the default of the defendant, is taken to be true in all matters alleged with sufficient certainty; but in respect to matters not alleged with due certainty, or subjects which from their nature and the course of the court require an examination of detail, the obligation to furnish proofs rests on the complainant.'

*Thomson v. Wooster*, 114 U.S. 104, 111 (1885).

For this motion, Plaintiff relies on several documents to overcome the factual deficiencies identified in the earlier order. Attached to the motion are four documents: (1) a letter dated November 24, 2022, from Anwar Ryan, the president of Al Qassimi, to Thomas Nides, who was then the American ambassador to Israel; (2) a purported English translation of a social media post written in Arabic by "Ismail Ibrahim;" (3) an expert report about the damages suffer by Plaintiff resulting from Defendant's social media posts; and (4) an affidavit from the executive director of Al Qassimi (ECF Nos. 51-1 through 51-4).

First, Plaintiff's motion does not address the problem the Court identified with the intentional infliction of emotional distress claim. The only plaintiff properly identified in the complaint is the educational institution. And, institutional plaintiffs cannot suffer emotional damages.

Second, Plaintiff is not entitled to default judgment on its claim for defamation. The Court previously found that the complaint failed to plead sufficient facts to state a claim for defamation under Michigan law. A claim for defamation must be carefully and specifically pleaded and must include the exact language in the proper context. And, the allegedly defamatory statements must be reasonably interpreted as stating actual facts about the plaintiff, statements that must be provable as false. And, Michigan law recognizes that statements made on internet forums present unique problems for plaintiffs making defamation claims. Plaintiff has not address this problem.

The new evidence submitted by Plaintiff does not provide a sufficient basis for this Court to find Defendant liable for defamation. For the purpose of this motion only, the Court assumes that it can consider the documents attached to the motion. Rule 55(b)(2)(C) permits a court to conduct hearings or make referrals when it needs to "establish the truth of any allegation by evidence."

The letter to the American ambassador suffers from two problems. The letter would likely not be admissible for the truth of the matter asserted. The author describes and summarizes different social media posts. The author did not, however, write those posts. To the extent Plaintiff wants to use the letter to prove the content of the messages on social media, the assertions in the letter are hearsay. More problematic, the author does not

identify a single statement that could be considered defamatory as the Court has described the tort. Fairly summarized, the letter accuses Defendant of harassment, intimidation and inciting violence. The letter does not identify any statement of fact about Plaintiff, made by Defendant, that is provable as false.

Plaintiff has not demonstrated how the second document supports its defamation claim. It is not clear to the Court whether Defendant authored the translated social media post. Plaintiff does not explain why the post contains defamatory statements. The author of the message accuses an unknown and unnamed entity of enabling other unknown and unnamed entities of supporting groups who give false testimony. The translation begins with the following paragraph:

> You established groups to protect the rights of orphans, widows, and heirs because there are liars and thieves who give false testimony to support the land theft in favor of Sheikh Abd al-Raof Al-Qawasmi. They swore a false oath on social media. I ask the law authorities to bring them in and demand that they give a legal oath and present the documents on which they were based.

(ECF No. 51-2 PageID.1967).

The two other documents do not contain any information relevant to establishing liability. The expert report addresses damages not liability. The affiant in fourth document states broadly and without any detail or specificity that he has "reviewed the fact stated in the motion for entry of default and they are factually accurate to best of knowledge" and that he "will testify to the same if called before this honorable court" (ECF No. 51-4 PageID.1976).

## III.

Plaintiff has not met its burden for default judgment.  The Court previously explained why the allegations in the complaint were insufficient for a default judgment.  The Court reviewed the evidence attached to this motion.  The evidence does not overcome the deficiencies this Court already identified.

Accordingly, the Court **DENIES** Plaintiff's motion for default judgment (ECF No. 51).  **IT IS SO ORDERED.**

Date:    December 9, 2024                      /s/  Paul L. Maloney
                                                       Paul L. Maloney
                                                       United States District Judge