UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>L</small> Q<small>ASSIMI</small> A<small>CADEMY</small>,               )
                    Plaintiff,        )
                                      )   No. 1:23-cv-289
-v-                                   )
                                      )   Honorable Paul L. Maloney
I<small>SMAIL</small> A<small>BUHALTAM</small>,                   )
                    Defendant.        )
                                      )

### AMENDED ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT

Defendant Ismail Abuhaltam, through counsel, filed a motion to set aside the entry of default (ECF No. 63). The Court finds good cause and will grant the motion.

I.

Plaintiff Al Qassimi Academy is an educational institution located in Israel. Defendant Ismail Abuhaltam resides in Okemos, Michigan. Plaintiff filed the complaint in March 2023. Plaintiff alleges Defendant uses social media to make slanderous and defamatory postings about the Academy, its members and directors. Plaintiff pleads a claim for defamation and for intentional infliction of emotional distress.

Initially, Defendant proceeded without the benefit of counsel. Defendant's submissions demonstrate that he does not speak fluent English and he has limited understanding of the law. Defendant filed a motion to dismiss (ECF No. 12), which the Court denied (ECF No. 14). As part of the order denying the motion to dismiss, the Court instructed Defendant to file an answer to the complaint. Instead, Defendant filed a motion for appointment of counsel.

On July 25, 2023, Plaintiff filed an application for entry of default (ECF No. 17), which the Clerk entered (ECF No. 19). Defendant then filed a motion to set aside the entry of default (ECF No. 20). The Court denied the motion to appoint counsel (ECF No. 22) and the motion to set aside entry of default (ECF No. 23).

In October, the Court issued an order to show cause to Plaintiff or, alternatively, directed Plaintiff seek default judgment (ECF No. 24). Plaintiff then filed a motion for default judgment, which the Court denied (ECF No. 26). In August, Plaintiff filed a second motion for default judgment (ECF No. 51), which the Court again denied (ECF No. 62).

Following the entry of default, counsel appeared on behalf of Defendant. In February 2024, the Magistrate Judge scheduled a status conference, prompting Plaintiff to seek a delay (ECF No. 28) while the parties pursued settlement negotiations. Following a conference on May 1, the Magistrate Judge scheduled a second conference for May. The parties jointly sought a delay to continue pursuing a settlement (ECF No. 34). In June, new attorneys filed appearances on behalf of Defendant.

II.

With this background, the Court considers Defendant's motion to set aside the entry of default. Rule 55(c) of the Federal Rules of Civil Procedure authorizes a district court to set aside the entry of default for good cause. *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011). In this circuit, good cause under Rule 55(c) requires consideration of three well-established factors: (1) whether the default was the result of willful or culpable conduct, (2) whether setting aside the default would prejudice the plaintiff, and (3) whether the defendant has alleged a meritorious defense. *Id.* at 839-40 (citing *United*

*Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)). The three factors are equitable concerns. *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996). Federal courts favor a trial on the merits and doubts should be resolved in favor of setting aside the "harsh sanction of default." *United Coin*, 705 F.2d at 846; *see United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) ("In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps.").

A.

To be considered culpable, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). With the motion, Defendant submits an affidavit to explain his conduct leading up to the entry of default (ECF No. 63 PageID.2024-25). Defendant does not speak English fluently and, being new to this country, lacks experience with this nation's legal system (*id.* PageID.2024). Defendant contends he understood the need to respond to the complaint but he did not know how to do so (*id.*). His early submissions were his attempts to answer the allegations in the complaint (*id.* PageID.2024-25). Defendant denies deliberately disregarding court orders (*id.* PageID.2025).

The Court concludes the culpable conduct factor weighs in favor of setting aside the entry of default. Defendant provides a plausible explanation for his conduct. While

Defendant's early submissions could be construed as culpable conduct, when considering a motion to set aside the entry of default, the court must "construe all ambiguous or disputed facts in the light most favorable to the defendant, resolving all doubts in his favor." *Dessault*, 663 F.3d at 841 (cleaned up; quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). Reviewing the docket in light of Defendant's statements in his affidavit, the Court finds Defendant's conduct did not constitute an intent to delay or to thwart this lawsuit. The Court observes that since retaining counsel, the parties have informed the Court more than once about their diligent efforts to settle this lawsuit. Those attempts provides an explanation for why counsel delayed filing a motion to set aside entry of default.

B.

For the prejudice factor, "the relevant inquiry concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." *Dassault Systemes*, 663 F.3d at 842 (citing *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)). Standing alone, a delay in the ultimate resolution of the lawsuit does not demonstrate prejudice. *Id.* (quoting *INVST Fin. Group*, 815 F.2d at 398). To be prejudicial, the delay must result in "the loss of evidence, create difficulties of discovery, or provide greater opportunities for fraud and collusion." *Id.* (quoting *INVST Fin. Group.*, 815 F.2d at 398). The expected litigation costs associated with setting aside the entry of default do not establish prejudice. *$22,050.00 U.S. Currency*, 595 F.3d at 325 (indicating that the argument "does not make intuitive sense"). As the Fifth Circuit reasoned, a plaintiff does not suffer prejudice from setting aside the entry of default by being forced to

prove its case. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Plaintiff's argument that it has already incurred litigation costs misses the mark as the prejudice inquiry focuses on the future, not the past.

C.

A defendant establishes a meritorious defense for the purpose of setting aside the entry of default by asserting an applicable "defense good at law." *Berthelsen*, 907 F.2d at 622 (quoting *United Coin*, 705 F.2d at 845).

> The test is not whether a defense is likely to succeed on the merits ; rather, the criterion is merely whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. Thus, even conclusory assertions may be sufficient to establish the "hint of a suggestion" needed to present a meritorious defense.

*Dassault Systemes*, 633 F.3d at 843 (all citations omitted). Multiple district courts in this circuit have recognized the low burden on a defendant to show a meritorious defense in this context. *See, e.g., Watkins v. Nationwide Capital Servs., Inc.*, No. 1:20cv141, 2022 WL 93496, at *5 (S.D. Ohio Jan. 10, 2022); *Concrete Jungle, LLC v. ICON Commercial Lending, Inc.*, No. 16cv14114, 2017 WL 3327065, at *3 (E.D. Mich. June 28, 2017); *Greer v. Home Realty Co. of Memphis, Inc.*, No. 07-2639, 2010 WL 11493118, at *1 (W.D. Tenn. May 11, 2010).

Defendant easily satisfies the burden of showing a meritorious defense. In the motion, Defendant summarizes most of the problems with the complaint that this Court identified in the two orders denying Plaintiff's motions for default judgment.

Plaintiff's opposition to the meritorious defense element mistakenly rests on state rules not federal rules. Plaintiff argues that Defendant has not met his burden because his

affidavit does not set forth facts based on personal knowledge that would support a meritorious defense. Plaintiff cites *Tindle v. Legend Health, PLLC*, 12 N.W.3d 667, 675 (Mich. Ct. App. 2023). The Michigan Rules of Civil Procedure, Rule 2.603(D)(1) permit a court to set aside entry of default "only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." Rule 55(c) does not include the affidavit requirement. The meritorious defenses discussed in the motion do not depend of facts to which Defendant might testify; the defenses consider the whether the facts set forth in the complaint actually state claims upon which a court could grant relief. An affidavit summarizing setting forth facts to which Defendant could testify would not be necessary to establish or allege the defenses.

## D.

In the event the Court grants the motion, Plaintiff requests the Court award attorney fees associated with obtaining the default and with opposing Defendant's motions.

District courts may condition the setting aside of a default under Rule 55(c) on the payment of attorney fees and costs. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988). Some district courts have required the defendant to reimburse the plaintiff for the attorney fees incurred in the making of the motion for default. *See, e.g., Corso v. First Frontier Holdings, Inc.*, 205 F.R.D. 420, 421 (S.D.N.Y. l2001); *Big Burger, Inc. v. Big Burgz, LLC*, No. 19cv13413, 2020 WL 6305074, at *8 (E.D. Mich. Oct. 28, 2020).

The Court will condition the setting aside of the entry of default upon Defendant's payment of the costs and fees incurred by Plaintiff related to the application for entry of

default (ECF No. 17). The entry of default will be set aside immediately. Within fourteen (14) days of this order, Plaintiff must submit documentation identifying and supporting costs and fees associated with the preparation of the application for entry of default. Defendant then has fourteen (14) days to file any objections. The Court will then issue an order directing Defendant to pay Plaintiff and will impose a deadline for the payment. If Defendant does not make the payment within the deadline, Plaintiff may file a motion asking the Court to enter default for Defendant's failure to follow a court order.

### III.

Defendant has satisfied his burden for setting aside the entry of default. Accordingly, the Court **GRANTS** Defendant's motion to set aside entry of default (ECF No. 63). Defendant must file an answer to the complaint within fourteen (14) days. **IT IS SO ORDERED.**

Date: January 31, 2025                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge