UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AL QASSIMI ACADEMY and | ) | |
| ABD AL-RAOF AL-QAWASMI, | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:23-cv-289 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| ISMAIL A. ABUHALTAM, | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Ismail Abuhaltam writes insulting things about Plaintiffs on social media websites.  Plaintiffs Al Qassimi Academy and Abd Al-Raof Al-Qawasmi sued Defendant for defamation, among other things.[1]  Defendant filed a motion for judgment on the pleadings (ECF No. 98).  Because the complaint fails to allege sufficient facts to state claims against Defendant, the court will grant the motion.

## I.

Al Qassimi Academy is an educational and religious institution serving the Muslim Arabic community in Israel.  Abd Al-Raof Al-Qawasmi is a director and trustee on the Board of the Academy.  He is also a member of the clergy in the Islamic community.  Defendant resides in Okemos, Michigan.  Using Facebook and other social media platforms, Defendant insults and mocks the Academy, its leaders and its faculty members.

---

[1]    The court spells the names of the two plaintiffs as set forth in the caption for the amended complaint (ECF No. 76).  Plaintiffs use more than one spelling in the text of the amended complaint and in their response to Defendant's motion.

This lawsuit started more than three and a half years ago. We are still considering whether the pleading states a claim. Some context is necessary.

In March 2023, the Academy sued Defendant for defamation and intentional infliction of emotional distress. Proceeding without the benefit of counsel, Defendant filed a motion to dismiss (ECF No. 12), which the court denied (ECF No. 14). When Defendant failed to file an answer to the complaint, the Academy filed an application for entry of default (ECF No. 17), which the clerk entered (ECF No. 19). The Academy sought default judgment (ECF No. 25), which the court denied (ECF No. 26). Taking the factual allegations in the complaint as true, the court found that the complaint failed to establish liability for either of the causes of action (*id.* PageID.1700 and PageID.1705).

Since this lawsuit started, four different attorneys at four different law firms have filed appearances on behalf of Defendant. One of those attorneys filed a motion to set aside entry of default (ECF No. 63), which the court granted (ECF No. 67).

The Academy subsequently filed an amended complaint which operates as the controlling pleading (ECF No. 76 Compl.). The fourth attorney who has represented Defendant filed the pending motion for judgment on the pleadings.

## II.

A court reviewing a motion for judgment on the pleadings under 12(c) of the Federal Rules of Civil Procedure applies the same standards as a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). "'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion will be granted only if the moving party

is nevertheless clearly entitled to judgment.'" *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (quoting *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008)).  "To withstand a Rule 12(c) motion for judgment on the pleadings, 'a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory.'" *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citation omitted).

To survive a Rule 12 motion, the plaintiff must plead a plausible claim.  *See Heyward v. Cooper*, 88 F.4th 648, 653 (6th Cir. 2023); *Long v. Insight Commc'ns of Cent. Ohio*, 804 F.3d 791, 794 (6th Cir. 2015).  A plaintiff pleads a facially plausible claim when the well-pled facts allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882, 887 (6th Cir. 2020) (quoting *Ashcroft*, 556 U.S. at 678).  The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

"The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'"  *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted).  The factual allegations need not be detailed but must be "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Hobart-Mayfield, Inc. v. Nat'l Operating Comm. on Standards for Athletic Equip.*, 48 F.4th 656, 663 (6th Cir. 2022).  Those factual allegations, taken to be true, must show that a legal claim is plausible, not merely possible.

*Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Naked assertions devoid of further factual enhancement contribute nothing to the sufficiency of the complaint."  *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (cleaned up; citation omitted).

## III.

### A.  Defamation

#### 1.

Plaintiffs plead a claim for defamation, which arises under state laws (*see* ECF No. 26 PageID.1700-01).  "The law of defamation lies at a crossroads with that of the First Amendment."  *Reighard v. ESPN, Inc.*, 991 N.W.2d 803, 810 (Mich. Ct. App. 2022).  In defamation lawsuits, court must carefully balance the common law interest in protecting reputational interests against the free expression of ideas protected by the First Amendment.  *Mathers v. Bailey*, No. 2001-3606, 2003 WL 22410088, at *2 (Mich. Ct. App. Oct. 17, 2003).

As a tort under state common law, defamation "seeks to protect against injury to reputation caused by the publication of falsehoods."  *Reighard*, 991 N.W.2d at 810.  A statement constitutes defamation when it causes "harm to the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."  *Id.* (quoting *Restatement Torts*, 2d, § 559).  A plaintiff proves defamation by showing (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting  to a least negligence on the part of the

4

publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of a special harm caused by the publication. *Id.* (quoting *Smith v. Anonymous Joint Enter.*, 793 N.W.2d 533, 540 (Mich. 2010)).

Not all defamatory statements will support a cause of action. *Reighard*, 991 N.W.2d at 810. "If a statement cannot reasonably be interpreted as stating actual facts about the plaintiff, it is protected by the First Amendment." *Ireland v. Edwards*, 614 N.W.2d 632, 636 (Mich. Ct. App. 1998); *see Garvelink v. Detroit News*, 522 N.W.2d 883, 886 (Mich. Ct. App. 1994). Even then, some statements, while factual on their face and provable as false, would not be actionable for defamation because those statements could not be interpreted by a reasonable person as stating actual facts about the plaintiff. *Ireland*, 614 N.W.2d at 638 (citing *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50 (1988)). "Thus, parodies, political cartoons, and satires are generally entitled to protection." *Id.* (citing *Garvelink*, 522 N.W.2d at 886-87). In addition, Michigan courts have found that "ordinary consumers of social media generally understand that statements made in online fora are frequently not intended as assertions of fact even when framed as assertions of fact." *Redmond v. Heller*, 957 N.W.2d 357, 374 (Mich. Ct. App. 2020); *see Ghanam v. Does*, 845 N.W.2d 128, 144 (Mich. Ct. App. 2014) ("Courts that have considered the matter have concluded that Internet message boards and similar communication platforms are generally regarded as containing statements of pure opinion rather than statements or implications of actual, provable fact.") (collecting opinions).

Michigan law imposes a high pleading standard on defamation claims. "A plaintiff must plead a defamation claim with specificity by identifying the exact language that the

plaintiff alleges to be defamatory." *Thomas M. Cooley Law Sch. v. Doe 1*, 833 N.W.2d 331, 341 (Mich. Ct. App. 2013); *see Gonyea v. Motor Parts Fed. Credit Union*, 480 N.W.2d 297, 299 (Mich. Ct. App. 1991) (explaining that the elements of a defamation claim "must be specifically pleaded, including the allegations with respect to the defamatory words, the connection between the plaintiff and the defamatory words, and the publication of the allegedly defamatory words."). Because courts must analyze allegedly defamatory statements in their proper context, "courts must consider all the words used in allegedly defamatory material, 'not merely a particular phrase or sentence.'" *Anonymous Joint Enter.*, 793 N.W.2d at 549 (quoting *Amrak Prods., Inc. v. Morton*, 410 F.3d 69, 72-73 (1st Cir. 2005)).

2.

Plaintiffs identify allegedly defamatory statements in paragraph 31 of their complaint. Plaintiffs contend Defendant has made the following:

> A. calls for riots and violence against Al-Qasemi Academy and Al-Qasemi institutions.
> B. using fighting words and inciting violence against the Plaintiff's Board members, educational staff, and their families, and thereby endangering their lives.
> [C]. Defendant *Abuhaltam* uses computer graphic techniques such as Photoshop or other similar software tools to create images and/or change the shapes to mock, insult, defame, and slander the Plaintiff and its members.
> [D]. Defendant Abuhaltam accuses Plaintiff and its members as "agents" and "proxies" of the government of Israel, thereby endangering their lives and property.
> . . .
> F. Defendant Abuhaltam posts slanderous and defamatory cartoon images of the Plaintiff's leaders and its members as "pigs" and other "pig-like" images. Pigs are considered by Muslims as vile, derogatory, disparaging, and filthy. Being depicted as pigs is the equivalent of an accusation of being heathens and disbelievers.

(Compl. ¶ 31 PageID.2103-04). Plaintiffs make similar and other factual allegations about statements made by Defendant in paragraph 43, which is part of the claim for defamation.

> A.  accusing plaintiff Academy with "takfeer" repeatedly sharing footage and images on social media threatening and intimidating the Academy.
> . . .
> C.  Calls for a riot and violence against the Al-Qasemi Academy and Al-Qasemi institutions.
> D.  Calls for damaging and destroying Al-Qasemi Academy property and disabling Academy equipment and computers.
> E.  Defendants' communication accounts on social media networks invite people through Facebook to commit acts of violence or sabotage against the Academy.

(Compl. ¶ 43 PageID.2105).

The complaint does not allege sufficient facts to establish a defamation claim.  The defamation claim fails on the first element.  Most of the allegations in Paragraphs 31 and 43 do not assert facts about Plaintiffs that can be provable as false.  Defendant's calls for riots and acts of violence might not be protected speech, but those statements involve a different category of unprotected speech, not defamation.  *See R.A.V. v. City of St. Paul*, 505 U.S. 377, 382-83 (1992) (identifying categories of speech that may be restricted).  Defendant's use of imagery (the cartoons) constitutes protected speech as parody or satire.  Defendant's porcine analogies, while insulting, would not be considered factual allegations; no reasonable person would believe that Plaintiffs are pigs.

Also problematic, the complaint does not plead the facts with sufficient specificity. Plaintiffs summarize Defendant's statements, which does not satisfy the pleading rules for defamation. The summaries do not provide the context for the statements, which a court must consider when analyzing defamation claims.  The court acknowledges that Plaintiffs

attach over fifty pages of Defendant's statements on social media as exhibits to the complaint. Most of Defendant's statements are written in Arabic, and many of those statements have been translated. But the allegations in Paragraphs 31 and 43 do not reference any particular page in the exhibit (or, for that matter, the exhibit at all).

Based on Plaintiffs' characterization of Defendant's social media posts, Defendant's accusations that Plaintiffs are agents of Israel do not constitute defamation. Defendant's assertions amount to opinions about Plaintiffs. Defendant's choice of forum for his statements weighs against the conclusion that the statements constitute assertions of fact. Through social media platforms, Defendant engages in "rhetorical hyperbole, [] vigorous epithet[s], and loose, figurative, or hyperbolic language" and such statements "cannot reasonably be interpreted as stating actual facts about an individual." *Jolliff v. N.L.R.B.*, 513 F.3d 600, 610 (6th Cir. 2008) (citation modified) (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 17, 20 (1990)). Reasonable people would not interpret Defendant's antagonistic rants as assertions of fact.

Finally, the complaint does not allege facts to support a claim for defamation *per se*. Under common law, defamation *per se* occurs when one person falsely accuses another of committing a crime. *See Burden v. Elias Bros. Big Boy Rest.*, 613 N.W.2d 378, 381 (Mich. Ct. App. 2000) (citations omitted). Michigan codified the common law tort. "Words imputing a lack of chastity to any female or male are actionable in themselves and subject the person who uttered or published them to a civil action for slander in the same manner as the uttering or publishing of words imputing the commission of a criminal offense." Mich. Comp. Laws § 600.2911(1). The Michigan Court of Appeals, after reviewing Michigan

Supreme Court and appellate court opinions on the issue, concluded that defamation *per se* based on accusations of criminal activity requires the accusations to involve crimes of moral turpitude and infamous punishment.  *Lakin v. Rund*, 896 N.W.2d 76, 81 (Mich. Ct. App. 2016) *leave to appeal denied* 894 N.W.2d 53 (Mich. 2017).  The complaint does not identify statements by the Defendant accusing Plaintiffs of crimes involving moral turpitude and infamous punishment.

## B.  False Light

Under Michigan law, false light constitutes a type of invasion of privacy tort.  *Found. for Behavioral Res. v. W.E. Upjohn Unemployment Trustee Corp.*, 957 N.W.2d 352, 355 (Mich. Ct. App. 2020).  To prove a false-light invasion of privacy claim, a plaintiff must show the defendant made available to the public, or a large number of people, information about the plaintiff that was unreasonable or highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position.  *Id.* (quoting *Puetz v. Spectrum Health Hosps.*, 919 N.W.2d 439, 448 (Mich. 2018)).  In addition, "the defendant must have known of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Puetz*, 919 N.W.2d at 448-49.

For their false light claim, Plaintiffs assert that Defendant has identified Plaintiffs as agents or proxies of the Israeli government (Compl. ¶ 59).  As discussed above, the allegation that Plaintiffs are agents of Israel constitutes an opinion and enjoys the protection of the First Amendment.  *See Ireland*, 584 N.W.2d 632 at 641.

C.  Intentional Infliction of Emotional Distress

"To establish a claim for intentional infliction of emotional distress, a plaintiff must prove the following elements: (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Kosch v. Traverse City Area Pub. Schs.*, 2024 WL 3907351, at *14 (Mich. Ct. App. Aug. 22, 2024) (quoting *Hayley v. Allstate Ins. Co.*, 686 N.W.2d 273, 276 (Mich. Ct. App. 2004)).  The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Hayley*, 686 N.W.2d at 276.  "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Doe v. Mills*, 536 N.W.2d 824, 833 (Mich. Ct. App. 1995). The court previously concluded that the Academy cannot bring the claim because business entities cannot suffer emotional injuries (ECF No. 26 PageID.1703-04).

In the complaint, Plaintiffs do not distinguish (or limit) the bases for the defamation claim from the bases for the intentional infliction of emotional distress claim (Compl. ¶ 68).

The court will grant Defendant's motion and dismiss Plaintiffs' claims for intentional infliction of emotional distress.  The insults and indignities do not support a claim for intentional infliction of emotional distress.  The allegation that Plaintiffs are agents of Israel constitutes an opinion and enjoys the protection of the First Amendment.  The complaint fails to allege sufficient facts to support a claim for intentional infliction of emotional distress for Plaintiff Abd-Raof Al-Qawasmi.  The complaint pleads a formulaic recitation of the elements of a claim without further factual details.  Plaintiffs provide no facts, no examples,

and no details to support the assertion that Defendant uses "fighting words and incite[s] violence against" Abd-Raof Al-Qawasmi (Compl. ¶ 31 B).

### D.  Negligent Infliction of Emotional Distress

Negligent infliction of emotional distress arises when a plaintiff observes a negligent injury to a third party and the plaintiff suffers a mental disturbance as a result.  *Urbanowicz v. Trinity Health-Michigan*, No. 354970, 2021 WL 5021769, at *3 (Mich. Ct. App. Oct. 28, 2021).  To establish the claim, a plaintiff must show

> (1) the injury threatened or inflicted on the third person must be a serious one, of a nature to cause several mental disturbance to the plaintiff; (2) the shock must result in actual physical harm; (3) the plaintiff must be a member of the immediate family, or at least a parent, child, husband or wife; and (4) the plaintiff must actually be present at the time of the accident or at least suffer shock fairly contemporaneously with the accident.

*Landfair v. Catholic Diocese of Lansing*, No. 355587, 2022 WL 413623, at *5 (Mich. Ct. App. Feb. 10, 2022) (quoting *Wargelin v. Sisters of Mercy Health Corp.*, 385 N.W.2d 732, 735 (Mich. Ct. App. 1986)).  In Michigan, the tort of negligent infliction of emotional distress is limited to situations "where a person witnesses the negligent injury or death of a third person.  It has not been extended to other situations." *Waeschle v. Oakland Cnty. Med. Examiner*, No. 08-10393, 2008 WL 4792515, at *2 (E.D. Mich. Oct. 29, 2008) (quoting *Summers v. Hurley Med. Ctr.*, No. 269824, 2007 WL 2404621, at *5 (Mich. Ct. App. Aug. 23, 2007) (collecting cases)).  "[T]he tort of negligent infliction of emotional distress is inapplicable where a plaintiff claims to have been injured by publication of false statements about the plaintiff." *Duran v. Detroit News, Inc.*, 504 N.W.2d 715, 719 (Mich. Ct. App.

1993) (quoting *Dietz v. Wometco West Michigan TV, Inc.*, 407 N.W.2d 649, 656 (Mich. Ct. App. 1997)).

In the complaint, Plaintiffs do not distinguish (or limit) the bases for the defamation claim from the bases for the intentional infliction of emotional distress claim (Compl. ¶ 75).

The court will grant Defendant's motion and dismiss Plaintiffs' negligent infliction of emotional distress claim. The factual allegations in the claim do not plead facts to support the claim. The Academy could not bring the claim for the same reason it cannot bring a claim for intentional infliction of emotional distress. As a corporate entity, the Academy cannot suffer emotional injuries. Plaintiffs do not allege that Abd Al-Raof Al-Qawasmi witnessed any injury to any member of his immediate family. The Michigan Court of Appeals has "decline[d] to apply the tort of negligent infliction of emotional distress beyond the situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result." *Duran*, 504 N.W.2d at 720.

### E.  Federal Computer Fraud and Abuse Act

Enacted in 1984, the Computer Fraud and Abuse Act (CFAA) protects computers from hacking by imposing criminal and civil penalties for, among other things, unauthorized access and use of computers. *See Abu v. Dickson*, 107 F.4th 508, 514 (6th Cir. 2024). Subsection (a) of Title 18, Section 1030, sets forth prohibited activities. For example, § 1030(a)(2) prohibits intentionally accessing a computer without authorization or exceeding authorized access and obtaining information in a financial record from a financial institution, information from any department or agency of the United States, or from a protected computer. 18 U.S.C. § 1030(a)(2)((A)-(C). Subsection (c) sets forth criminal penalties for

violations of subsection (a).  *Id.* § 1030(c).  Subsection (g) of § 1030 authorizes civil actions by any "person who suffers damage by loss or by reason of a violation of this section . . . against the violator to obtain compensatory damages and injunctive relief or other equitable relief."  *Id.* § 1030(g).  Not every violation of the CFAA creates a private cause of action. Individuals harmed by violations of the CFAA may bring a civil action "only if the conduct involves 1 of the factors set forth in subclasses (I), (II), (IV) or (V) of subsection (c)(4)(A)(i)." *Id.*

In their complaint, Plaintiffs plead that Defendant used his computer to fraudulently and falsely depict Plaintiffs as agents or proxies of the government of Israel (Compl. ¶ 81). In their response to Defendant's motion, Plaintiffs contend that Defendant has violated § 1030(a)(7), which states as follows:

> (a) Whoever,
> > (7) with intent to extort from any person any money or other thing of value, transmits in interstate or foreign commerce any communication containing any —
> > > (A) threat to cause damage to a protected computer;
> > > (B) threat to obtain information from a protected computer without authorization or in excess of authorization or to impair the confidentiality of information obtained from a protected computer without authorization or by exceeding authorized access; or
> > > (C) demand or request for money or other thing of value in relation to damage to a protected computer where such damage was caused to facilitate the extortion.

18 U.S.C. § 1030(a)(7).  Plaintiffs argue that Defendant has invited others to cause damage to Plaintiffs' computers.  Plaintiffs also argue that Defendant has functionally attempted to extort payments by publishing falsehoods.

The court will dismiss Plaintiffs' claim for a violation of the CFAA.  The complaint does not plead facts establishing that Defendant has attempted to extort anything of value from Plaintiffs.  Plaintiffs allege Defendant has insulted them, has accused them of being proxies for the Israeli government, and has called for violence against them.  Plaintiffs have not alleged that Defendant made any demands on them or sought anything from them.

## IV.

Defendant Abuhaltam filed a Rule 12(c) motion arguing that the amended complaint failed to plead sufficient facts to state a claim.  The court assumes the well-pled facts to be true.  The court agrees with Defendant that the allegations in the complaint do not contain sufficient details to state claims on which the court might grant relief.

## ORDER

For the reasons provided in the accompanying Opinion, the court **GRANTS** Defendant Abuhaltam's motion for judgment on the pleadings (ECF No. 98).  **IT IS SO ORDERED.**

Date:    October 17, 2025                                    /s/  Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge