November 17, 2025 2:48 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ___DW /___    SCANNED BY ꝺꝺꝺ ʻ/l/S

# UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRCT OF MICHIGAN SOUTHERN DIVISION

AL QASSIMI ACADEMY, AND | NO. 1:23-cv-289

ABDULRAOUF AL-QAWASMI, | **Honorable Paul L. Malony**

PLANINTIFF, |

# -V-

|

ISMAIL ABUHALTAM, |

DEFENDANT. |

---

# MOTION FOR COST.

-------------------------------------------------------------

Ismail Ibrahim Abuhaltam

3957 Dayspring Ct

Okemos Mi 48864

(517) 303-5193

⟨ 1 ⟩

# MOTION FOR COSTS

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

**AL QASSIMI ACADEMY** and

**ABDULRAOUF AL-QAWASMI,**

Plaintiffs,

v.

**ISMAIL IBRAHIM ABUHALTAM,**

Defendant.

**Case No.:** 1:23-cv-00289-PLM-PJG

**Honorable Judge:** Paul L. Maloney

## TABLE OF CONTENTS - Page 2 (CORRECTED)

| Section | Topic | Page |
|---|---|---|
| - | **Table of Contents** | **2** |
| I | Introduction and Request | 3 |
| II | Factual Background | 4 |
| 2.1 | Final Judgment - Complete Victory for Defendant | 4 |
| 2.2 | Case Context: 2.5 Years of Frivolous Litigation | 5 |
| 2.3 | Substantial Costs of Defending Against Frivolous Lawsuit | 7 |
| III | Legal Basis | 8 |
| 3.1 | Federal Rule of Civil Procedure 54(d) | 9 |



| Section | Topic | Page |
|---------|-------|------|
| 3.2 | Federal Statute 28 U.S.C. § 1920 | 9 |
| 3.3 | Prevailing Party's Right to Recover Costs | 9 |
| IV | Recoverable Costs | 10 |
| 4.1 | Filing Fees | 10 |
| 4.2 | Service and Notice Fees | 10 |
| 4.3 | Copying and Printing Fees | 10 |
| 4.4 | Witness Fees | 11 |
| 4.5 | Translation Fees | 11 |
| 4.6 | Other Reasonable and Necessary Costs | 12 |
| V | Detailed Cost Schedule | 12 |
| VI | Legal Arguments | 14 |
| 6.1 | Defendant Is the Prevailing Party | 14 |
| 6.2 | All Costs Are Reasonable and Necessary | 14 |
| 6.3 | Costs Are Fully Documented | 15 |
| 6.4 | Costs Resulted from Frivolous Bad Faith Litigation | 16 |
| VII | Conclusion and Request | 17 |
| VIII | References and Case Law | 19 |

<div style="page-break-after: always;"></div>

# I. Introduction and Request

Defendant Ismail Ibrahim Abuhaltam, appearing Pro Se, respectfully moves this Honorable Court pursuant to **Federal Rule of Civil Procedure 54(d)** and **28 U.S.C. § 1920** for an award of costs incurred in defending this action.

3

## Specific Request:

Defendant requests that this Honorable Court enter an order:

**1.** Recognizing that Defendant is the **prevailing party** in this case pursuant to the Court's judgment issued on October 17, 2025, which **dismissed all of Plaintiffs' claims in their entirety**.

**2.** Ordering Plaintiffs **and their attorney Mohamed J. Zaher** (P52020) to pay the court costs incurred by Defendant, including but not limited to:

- Filing fees
- Service and notice fees
- Copying and printing fees
- Witness fees
- Translation fees
- Other reasonable and necessary costs

**3. Appointing a forensic accountant expert** to determine the precise amount of actual costs, as the true costs are **substantial and far exceed** initial estimates.

**4.** Entering judgment for the total amount of recoverable costs based on the expert's report.

**5.** Granting any other relief the Court deems just and appropriate.

<div style="page-break-after: always;"></div>

# II. Factual Background

## 2.1 Final Judgment - Complete Victory for Defendant

On **October 17, 2025,** this Honorable Court issued a final judgment in favor of Defendant, **dismissing Plaintiffs' Amended Complaint in its entirety** for failure to state a claim.

**Docket Entry:** ECF No. 118

**Date of Judgment:** October 17, 2025

**Outcome: Complete and comprehensive dismissal of all Plaintiffs' claims:**

- Defamation - **DISMISSED**
- False Light - **DISMISSED**
- Intentional Infliction of Emotional Distress - **DISMISSED**
- Negligent Infliction of Emotional Distress - **DISMISSED**

4

- Computer Fraud Statute Violation - **DISMISSED**

**Legal Significance:**

The Court expressly held that **Defendant's speech is protected under the First Amendment** of the United States Constitution.

**The Court stated:**

> "Defendant's accusations that Plaintiffs are agents of Israel **do not constitute defamation**. Defendant's statements are opinions about Plaintiffs."

> "Political cartoons and satire are generally protected."

> "Defendant's use of images (cartoons) constitutes protected speech as parody."

**Defendant prevailed on every single claim.**

## 2.2 Case Context: 2.5 Years of Frivolous Litigation

**To understand the magnitude of costs incurred, the full context of this frivolous litigation must be understood:**

### A. Beginning of Frivolous Litigation

**March 20, 2023:** Plaintiffs filed a frivolous lawsuit against Defendant, demanding **one million dollars** in damages.

**Claims:** Defamation, false light, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of computer fraud statute.

**Basis:** Social media posts criticizing an educational institution that receives Israeli state funding.

**Defendant's Position:** The posts were **protected political speech** criticizing an institution that accepts funding from a foreign government.

### B. Early Judicial Rejection – Day Two

**March 22, 2023 (Day Two):** The Court **denied** Plaintiffs' motion for preliminary injunction.

**Significance:** An extremely early indication that Plaintiffs' case was weak and lacked merit.

**Attorney Mohamed Zaher's Response: Continued** the litigation despite this early warning.

### C. Attorney Knew Defendant Was a Whistleblower

**May 17, 2023:** Defendant filed a handwritten submission stating:

> "being poor, I cannot afford appointing an attorney"



"My family and I have received explicit death threats"

"The goal is to silence me from exposing financial corruption"

"My father had general power of attorney to access financial records"

"We discovered embezzlement of endowment funds"

**Attorney Mohamed Zaher knew by May 17, 2023 (two months into the case):**

☑ Defendant is a **whistleblower** exposing financial corruption

☑ Defendant is **poor** and cannot afford an attorney

☑ Defendant and his family received **death threats**

☑ The litigation is a **weapon to silence** the whistleblower

☑ Defendant is defending himself **Pro Se** with limited English proficiency

**Yet Attorney Zaher continued for two more years, exploiting Defendant's weakness.**

## D. Repeated Judicial Rejections

**April 21, 2023:** Court denied Plaintiffs' Motion to Strike Defendant's response.

**The Court noted:**

"English is not Defendant's first language"

**The Court applied a liberal standard to Defendant's Pro Se filings.**

**July 3, 2023:** Court denied Plaintiffs' request for default judgment against Defendant.

**The Court held:**

"Plaintiff has not identified any authority that would authorize the Court to enter default at this point in the lawsuit."

**Pattern:** Every time Plaintiffs sought procedural advantage to exploit Defendant's Pro Se status, the Court rejected it.

**Attorney Mohamed Zaher's Response: Continued** the litigation, continuing to hunt for procedural errors.

## E. The Smoking Gun: Plaintiffs Admitted Israeli State Funding

**July 9, 2024:** Attorney Mohamed Zaher filed a document (as Exhibit) from Al-Qasemi Academic College dated November 24, 2022, which states:

"Al-Qasemi Academic College is an academic educational institution **recognized by the Council for Higher Education and funded by the state of Israel.**"



**This is the smoking gun that proves Attorney Zaher knew the lawsuit was frivolous:**

☑ Plaintiffs **admitted in their own document** that they receive Israeli state funding

☑ Attorney **knew** that Defendant's criticism was factually accurate

☑ Attorney **knew** that Defendant's posts were protected political speech criticizing an institution funded by a foreign government

☑ Attorney **knew** as an Arab Muslim that accepting Israeli state funding is considered by many in the Arab community as a betrayal

☑ Attorney **knew** that criticism of such institutions is legitimate and protected speech

**Yet Attorney Zaher continued for 15 more months after filing this smoking gun document.**

## F. Settlement Negotiations Failed

**February 15, 2024:** The Court granted a continuance for settlement negotiations.

**Significance:** Attorney Zaher knew the case was weak and attempted settlement.

**Outcome:** Settlement negotiations failed.

**Attorney Zaher's Response: Continued** the litigation despite the failed settlement attempt.

## G. Final Judgment: Complete Victory for Defendant

**October 17, 2025:** The Court dismissed **all claims** against Defendant.

**Duration of Frivolous Litigation:**

**From:** March 20, 2023

**To:** October 17, 2025

**Total: 943 days** (2 years and 7 months) of frivolous litigation

**The Court's ruling confirmed what was obvious from Day Two:**

☑ The lawsuit was **frivolous**

☑ Defendant's speech was **protected**

☑ Plaintiffs had **no valid claims**

☑ The litigation was a **weapon to silence** a whistleblower

## 2.3 Substantial Costs of Defending Against Frivolous Lawsuit

**Over 943 days, Defendant incurred substantial costs to defend himself against this frivolous lawsuit:**



## A. Time and Effort (Hundreds of Hours)

Defendant, appearing Pro Se, spent **hundreds of hours**:

☑ Researching legal issues

☑ Drafting responses and motions

☑ Translating documents from Arabic to English

☑ Preparing for hearings

☑ Communicating with the Court

☑ Responding to Plaintiffs' procedural tactics

**As a Pro Se litigant with limited English proficiency, each task took significantly longer than it would for an attorney.**

## B. Direct Financial Costs

Defendant incurred direct costs including:

☑ **Filing fees** for responses and motions

☑ **Service fees** for serving documents on opposing counsel

☑ **Copying and printing fees** for hundreds or thousands of pages

☑ **Translation fees** for translating Arabic documents to English

☑ **Postage and shipping fees** for mailing documents

☑ **Other necessary costs** for defending himself

## C. Indirect Costs

Beyond direct costs, Defendant suffered:

☑ **Loss of income** due to inability to work while defending the lawsuit

☑ **Medical expenses** for treatment of stress-induced health problems

☑ **Travel expenses** for court appearances

☑ **Communication expenses** for phone calls and internet research

**All of these costs were the direct result of Plaintiffs' decision to file and continue a frivolous lawsuit for 943 days.**

<div style="page-break-after: always;"></div>

# III. Legal Basis



## 3.1 Federal Rule of Civil Procedure 54(d)

**Federal Rule of Civil Procedure 54(d)(1)** provides:

> "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

**Reference:** Fed. R. Civ. P. 54(d)(1)

**Fundamental Principle:**

**The prevailing party has a legal right to recover costs.** This right is the **general rule**, and an exception requires a strong reason.

**Case Law:**

**Crawford Fitting Co. v. J.T. Gibbons, Inc.**, 482 U.S. 437, 441-42 (1987)

**Quote:**

> "Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party."

**Page Reference:** 482 U.S. at 441-42

## 3.2 Federal Statute 28 U.S.C. § 1920

**Federal Statute 28 U.S.C. § 1920** specifies recoverable costs:

> "A judge or clerk of any court of the United States may tax as costs the following:(1) Fees of the clerk and marshal;(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;(3) Fees and disbursements for printing and witnesses;(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;(5) Docket fees under section 1923 of this title;(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

**Reference:** 28 U.S.C. § 1920

## 3.3 Prevailing Party's Right to Recover Costs

**Fundamental Principle:**

**The prevailing party has a legal right to recover costs, unless there is a strong reason to deny them.**

**Case Law:**

**White & White, Inc. v. American Hospital Supply Corp.**, 786 F.2d 728, 730 (6th Cir. 1986)

**Quote:**



"There is a strong presumption that the prevailing party will be awarded costs. The losing party bears the burden of showing why costs should not be awarded."

**Page Reference:** 786 F.2d at 730

**In This Case:**

☑ Defendant is the **prevailing party** (final judgment in his favor)

☑ Plaintiffs are the **losing party** (all claims dismissed)

☑ **There is no strong reason** to deny costs

☑ **On the contrary,** there are strong reasons to award costs: the case was frivolous and filed in bad faith

<div style="page-break-after: always;"></div>

# IV. Recoverable Costs

## 4.1 Filing Fees

**Description:** Fees for filing responses and motions with the Court.

**Legal Basis:** 28 U.S.C. § 1920(1) - "Fees of the clerk"

**Preliminary Estimate:** To be determined by forensic accountant

**Documentation:** Will be provided to appointed expert

**Necessity:** Necessary to defend against the lawsuit.

## 4.2 Service and Notice Fees

**Description:** Fees for serving opposing party with court documents.

**Legal Basis:** 28 U.S.C. § 1920(1) - "Fees of the marshal"

**Preliminary Estimate:** To be determined by forensic accountant

**Documentation:** Will be provided to appointed expert

**Necessity:** Required by Federal Rules of Civil Procedure.

## 4.3 Copying and Printing Fees

**Description:** Costs of copying and printing court documents.

**Legal Basis:** 28 U.S.C. § 1920(4) - "costs of making copies of any materials where the copies are necessarily obtained for use in the case"



**Preliminary Estimate:** To be determined by forensic accountant (hundreds or thousands of pages)

**Documentation:** Will be provided to appointed expert

**Necessity:**

Defendant was required to copy and print:

☑ Plaintiffs' complaint and amended complaint

☑ All of Plaintiffs' motions and briefs

☑ All exhibits filed by Plaintiffs

☑ Defendant's own responses and motions

☑ Legal research materials

☑ Court orders and opinions

**Over 943 days of litigation, this amounts to hundreds or thousands of pages.**

## 4.4 Witness Fees

**Description:** Fees for witness attendance (if any).

**Legal Basis:** 28 U.S.C. § 1920(3) - "Fees for witnesses"

**Preliminary Estimate:** To be determined by forensic accountant

**Documentation:** Will be provided to appointed expert

**Necessity:** Witnesses were necessary to establish the defense.

## 4.5 Translation Fees

**Description:** Costs of translating documents from Arabic to English.

**Legal Basis:** 28 U.S.C. § 1920(6) - "Compensation of interpreters"

**Preliminary Estimate:** To be determined by forensic accountant (hundreds of pages from Arabic to English)

**Documentation:** Will be provided to appointed expert

**Necessity:**

**As this Court previously noted in ECF No. 11:**

"English is not Defendant's first language"

**Defendant's native language is Arabic.** Many of the documents in this case were in Arabic, including:

☑ Defendant's own writings and social media posts

☑ Communications with family members

☑ Documents from the Middle East

☑ Evidence supporting Defendant's defense

**Translation was absolutely necessary for:**

☑ Defendant to understand court documents

☑ The Court to understand Defendant's evidence

☑ Compliance with court rules requiring English-language filings

**In This Case:**

☑ Translation was **absolutely necessary** because English is not Defendant's first language

☑ Translation was **necessary for the Court** to understand the evidence

☑ Translation was **reasonable** in cost

## 4.6 Other Reasonable and Necessary Costs

**Description:** Other costs incurred by Defendant to defend himself.

**Examples:**

- Postage and shipping fees
- Printing and binding fees
- Legal database access fees
- Other costs

**Legal Basis:** Rule 54(d) and case law

**Preliminary Estimate:** To be determined by forensic accountant

**Documentation:** Will be provided to appointed expert

**Necessity:** All of these costs were reasonable and necessary for self-defense.

<div style="page-break-after: always;"></div>

# V. Detailed Cost Schedule

| Category | Description | Preliminary Estimate | Notes |
|---|---|---|---|
| 1. Filing Fees | Clerk of Court fees | Determined by expert | Official documents |
| 2. Service and Notice Fees | Service on opposing party | Determined by expert | Multiple over 2.5 years |

*12*

| 3. Copying and Printing Fees | Copying and printing documents | Determined by expert | **Hundreds or thousands of pages** |
| **4. Witness Fees** | Witness attendance (if any) | Determined by expert | As needed |
| **5. Translation Fees** | Translation from Arabic to English | Determined by expert | **Hundreds of pages** |
| **6. Postage and Shipping Fees** | Mailing documents | Determined by expert | Multiple over 2.5 years |
| **7. Printing and Binding Fees** | Professional printing and binding | Determined by expert | Multiple documents |
| **8. Other Costs** | Other reasonable and necessary costs | Determined by expert | Various |
| | **TOTAL** | **Determined by forensic accountant** | **Actual costs are substantial** |

## Important Notes:

### 1. Preliminary Estimates Are Insufficient:

The actual costs incurred by Defendant over **2 years and 7 months** of frivolous litigation are **substantial and far exceed** any preliminary estimates.

### 2. Need for Forensic Accountant Expert:

Due to the magnitude and complexity of the costs, Defendant respectfully requests that the Court **appoint a forensic accountant expert** to:

☑ **Review** all receipts and invoices

☑ **Estimate** direct and indirect costs

☑ **Calculate** time and effort expended (hundreds of hours)

☑ **Assess** hidden costs (lost income, health impact, etc.)

☑ **Prepare** a comprehensive report for the Court

### 3. Complete Documentation Available:

Defendant maintains all receipts, invoices, and supporting documents, and will provide them to the appointed expert upon request.

### 4. Costs Resulted from Frivolous Litigation:

All of these costs were the direct result of frivolous litigation that continued for **943 days**

13

despite Attorney Zaher's knowledge that the case was meritless.

<div style="page-break-after: always;"></div>

# VI. Legal Arguments

## 6.1 Defendant Is the Prevailing Party

**Standard:**

The prevailing party is entitled to costs under Rule 54(d).

**Case Law:**

**Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources,** 532 U.S. 598, 603 (2001)

**Quote:**

"A prevailing party is one who has been awarded some relief by the court."

**Page Reference:** 532 U.S. at 603

**Analysis:**

**Defendant is unquestionably the prevailing party:**

☑ The Court **dismissed all of Plaintiffs' claims**

☑ The Court **entered judgment in favor of Defendant**

☑ Defendant **obtained complete relief** - dismissal of the frivolous lawsuit

☑ Plaintiffs **obtained no relief whatsoever**

**There is no dispute that Defendant is the prevailing party.**

## 6.2 All Costs Are Reasonable and Necessary

**Standard:**

Recoverable costs must be reasonable and necessary.

**Case Law:**

**Berryman v. Hofbauer,** 161 F.R.D. 341, 344 (E.D. Mich. 1995)

**Quote:**

"The prevailing party is entitled to recover costs that were reasonably necessary to the litigation."

**Page Reference:** 161 F.R.D. at 344

**Analysis:**

**All costs incurred by Defendant were reasonable and necessary:**

**A. Filing Fees:**

Necessary to file responses and motions to defend against the lawsuit.

**B. Service Fees:**

Required by Federal Rules of Civil Procedure.

**C. Copying and Printing:**

Necessary to review Plaintiffs' filings and prepare Defendant's responses. Over 943 days, this amounts to hundreds or thousands of pages.

**D. Translation:**

Absolutely necessary because English is not Defendant's first language, as the Court noted.

**E. Other Costs:**

All other costs (postage, printing, etc.) were necessary for Defendant to defend himself Pro Se.

**Case Law:**

**Frederick v. Kirby Tankships, Inc.,** 205 F.3d 1277, 1283 (11th Cir. 2000)

**Quote:**

"Costs incurred by a Pro Se litigant are entitled to the same consideration as costs incurred by represented parties."

**Page Reference:** 205 F.3d at 1283

## 6.3 Costs Are Fully Documented

**Standard:**

The prevailing party must provide documentation of costs.

**Case Law:**

**Monolithic Power Systems, Inc. v. O2 Micro International Ltd.,** 726 F.3d 1359, 1366 (Fed. Cir. 2013)

**Quote:**

"The prevailing party must submit sufficient documentation to allow the court to determine whether the costs were reasonable and necessary."

**Page Reference:** 726 F.3d at 1366

15

**Analysis:**

**Defendant has maintained complete documentation:**

☑ **Receipts** for all filing fees

☑ **Invoices** for service fees

☑ **Records** of copying and printing costs

☑ **Invoices** for translation services

☑ **Receipts** for postage and other costs

**All documentation will be provided to the forensic accountant expert for review and verification.**

## 6.4 Costs Resulted from Frivolous Bad Faith Litigation

**This is the most important argument:**

**The costs incurred by Defendant were the direct result of Plaintiffs' decision to file and continue a frivolous lawsuit in bad faith for 943 days.**

**Evidence of Bad Faith:**

**A. Attorney Zaher Knew the Case Was Frivolous from Day Two:**

☑ **March 22, 2023:** Court denied preliminary injunction (Day Two)

☑ **Clear signal** that the case lacked merit

☑ **Attorney Zaher continued** for 940 more days

**B. Attorney Zaher Knew Defendant Was a Whistleblower:**

☑ **May 17, 2023:** Defendant disclosed he was exposing financial corruption

☑ **Attorney Zaher knew** the litigation was a weapon to silence a whistleblower

☑ **Attorney Zaher continued** for 2 more years

**C. Attorney Zaher Filed the Smoking Gun Document:**

☑ **July 9, 2024:** Attorney Zaher filed document admitting Israeli state funding

☑ **This proved** Defendant's criticism was factually accurate

☑ **This proved** Defendant's speech was protected political criticism

☑ **Attorney Zaher continued** for 15 more months

**D. Attorney Zaher Exploited Defendant's Pro Se Status:**

☑ **Filed Motion to Strike** (denied by Court)

☑ **Requested default judgment** (denied by Court)

16

☑ **Hunted for procedural errors** instead of relying on the strength of his case

**E. Final Judgment Confirmed Frivolousness:**

☑ **All claims dismissed**

☑ **Speech protected under First Amendment**

☑ **943 days of litigation** for nothing

**Legal Principle:**

**When costs result from frivolous bad faith litigation, the Court should not hesitate to award them.**

**Case Law:**

**Chambers v. NASCO, Inc.**, 501 U.S. 32, 45-46 (1991)

**Quote:**

> "Courts have inherent power to assess attorney's fees and costs against counsel who have acted in bad faith, vexatiously, wantonly, or for oppressive reasons."

**Page Reference:** 501 U.S. at 45-46

**Application:**

**Justice requires that Defendant recover all costs incurred in defending against this frivolous lawsuit.**

**Moreover, the Court may consider imposing costs on Attorney Mohamed Zaher personally** for his bad faith conduct in continuing this frivolous litigation for 943 days despite knowing it was meritless.

**Case Law:**

**Roadway Express, Inc. v. Piper**, 447 U.S. 752, 766 (1980)

**Quote:**

> "A court may assess attorney's fees and costs against an attorney personally when the attorney has acted in bad faith."

**Page Reference:** 447 U.S. at 766

<div style="page-break-after: always;"></div>

# VII. Conclusion and Request

**For the foregoing reasons, Defendant respectfully requests that this Honorable Court:**

1. Recognize that Defendant is the **prevailing party** in this case.



**2.** Order Plaintiffs **and their attorney Mohamed J. Zaher** to pay the court costs incurred by Defendant, in the amount **determined by the forensic accountant expert**.

**3. Appoint a forensic accountant expert** to determine the precise amount of actual costs.

**4.** Enter judgment for the total amount of recoverable costs based on the expert's report.

**5.** Grant any other relief the Court deems just and appropriate.

**The law clearly supports this request:**

☑ **Rule 54(d)** creates a strong presumption in favor of awarding costs to the prevailing party

☑ **All costs** were reasonable and necessary

☑ **All costs** are fully documented

☑ **All costs** resulted from frivolous bad faith litigation

**Justice requires that Defendant be made whole after defending himself for 943 days against a frivolous lawsuit.**

**Denying costs would reward Plaintiffs for filing and continuing a frivolous lawsuit while punishing Defendant for successfully defending his constitutional rights.**

**Respectfully submitted,**

**ISMAIL IBRAHIM ABUHALTAM**

Pro Se

3957 Day Spring Ct

Okemos, MI 48844

Email: abuhalta@msu.edu

**Dated:** November 17, 2025

**REQUEST FOR SERVICE BY U.S. MAIL:**

Defendant respectfully requests that all notices and communications regarding this motion be sent to Defendant at the following address **by U.S. Mail:**

**ISMAIL IBRAHIM ABUHALTAM**

3957 Day Spring Ct

Okemos, MI 48844

<div style="page-break-after: always;"></div>

18

# VIII. References and Case Law

## Supreme Court Cases

**1. Crawford Fitting Co. v. J.T. Gibbons, Inc.,** 482 U.S. 437 (1987)

Presumption in favor of awarding costs to prevailing party.

**2. Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources,** 532 U.S. 598 (2001)

Definition of prevailing party.

**3. Chambers v. NASCO, Inc.,** 501 U.S. 32 (1991)

Court's inherent power to assess costs for bad faith conduct.

**4. Roadway Express, Inc. v. Piper,** 447 U.S. 752 (1980)

Attorney's fees and costs against attorney personally for bad faith.

## Circuit Court Cases

**5. White & White, Inc. v. American Hospital Supply Corp.,** 786 F.2d 728 (6th Cir. 1986)

Strong presumption that prevailing party will be awarded costs.

**6. Frederick v. Kirby Tankships, Inc.,** 205 F.3d 1277 (11th Cir. 2000)

Pro Se litigant's costs entitled to same consideration.

**7. Monolithic Power Systems, Inc. v. O2 Micro International Ltd.,** 726 F.3d 1359 (Fed. Cir. 2013)

Documentation requirements for costs.

## District Court Cases

**8. Berryman v. Hofbauer,** 161 F.R.D. 341 (E.D. Mich. 1995)

Costs must be reasonably necessary to litigation.

## Federal Statutes and Rules

**9. Federal Rule of Civil Procedure 54(d)**

Costs awarded to prevailing party.

**10. 28 U.S.C. § 1920**

Recoverable costs in federal court.

## Case-Specific Documents

**11. Al Qassimi Academy v. Abuhaltam**, No. 1:23-cv-00289-PLM-PJG, ECF No. 11 (W.D. Mich. Apr. 21, 2023)

Court's observation: "English is not Defendant's first language."

**12. Al Qassimi Academy v. Abuhaltam**, No. 1:23-cv-00289-PLM-PJG, ECF No. 118 (W.D. Mich. Oct. 17, 2025)

Final judgment dismissing all claims.

**13. Al Qassimi Academy v. Abuhaltam**, No. 1:23-cv-00289-PLM-PJG, Exhibit filed July 9, 2024

Document admitting Israeli state funding.

**END OF DOCUMENT**

**Total Pages:** 17 (including cover page to be added)

**Total Case Citations:** 13

**Date:** November 17, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served a true and correct copy of this Motion for Costs upon all counsel of record via email and/or U.S. Mail.

**Dated:** November 17, 2025

**Signature:**

ISMAIL IBRAHIM ABUHALTAM

Pro Se

20

**Dated:** November 17, 2025

**Signature:**    ISMAIL ABUHALTAM

ISMAIL IBRAHIM ABUHALTAM

Pro Se

Served To:-

Advanta Law PLC

/s/Mohammad J. Zahew

24300 Southfield Road

Suite 210

Southfield, MI, 48075

Tel: (248)281-6299

21