UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AL QASSIMI ACADEMY and <br> ABD AL-RAOF AL-QAWASMI, <br> Plaintiffs, <br> -v- <br> ISMAIL ABUHALTAM, <br> Defendant. | No. 1:23-cv-289 <br><br> Honorable Paul L. Maloney |

## ORDER DENYING MOTION FOR COSTS AND MOTION FOR SANCTIONS

Defendant Ismail Abuhaltam, proceeding without the assistance of counsel, filed a motion for costs (ECF No. 129), a motion for sanctions (ECF No. 130), an amended motion for sanctions (ECF No. 131), and a supplement to the amended motion for sanctions (ECF No. 132). Although Defendant is entitled to costs as the prevailing party, Defendant has not provided sufficient proof of any costs he incurred. And, the court declines to sanction Plaintiffs.

I. Motion for Costs (ECF No. 129)

A.

Rule 54(d)(1) of the Federal Rules of Civil Procedure authorizes a court to award costs to the prevailing party. A court may only award those costs itemized in 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). The rule provides the court with discretion to deny costs. *Id.* Section 1920 authorizes a court to award costs for (1) the fees of the clerk and marshal, (2) fees of the court reporter for all or any part of the

stenographic transcript necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, (4) fees for exemplification and copies of papers necessarily obtained for use in the case, (5) docket fees under § 1932, and (6) compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828.  The United States Administrative Office has approved a bill of costs form, AO 133, that can found the District Court's website.  The document instructs the user to attach "an itemization and documentation for all requested costs in all categories."

The party seeking costs bears the responsibility "to document and provide evidence regarding the reasonableness of the costs and expenses for which it is seeking an award." *Ohio Right to Life Soc'y, Inc. v. Ohio Elections Comm'n*, 590 F. App'x 597, 605 (6th Cir. 2014).  As the party bearing the burden, the prevailing party assumes the risk of failing to meet that burden.  *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002). When a prevailing party requests costs and fails to submit any evidence or argument to support the request, the Sixth Circuit has affirmed the district court's denial of costs as a proper exercise of discretion.  *E.g.*, *Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 F. App'x 226, 229 (6th Cir. 2005).

Title 28, Section 1924 places a condition on the approval, the taxation, of a bill of costs.  "[T]he party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."  28 U.S.C. §

1924. The approved bill of costs form, AO 133, accomplishes the requirement with the under-penalty-of-perjury declaration that must be signed.

B.

Defendant has not requested any particular costs and did not support his motion with any documentation. Defendant did not use the approved form for his bill of costs. Defendant has not submitted any declaration of affidavit to show that any specific cost was actually incurred and that it was necessarily for use in this lawsuit. He submitted a document titled "MOTION FOR COST." Under the section titled "Recoverable Costs," Defendant suggests that each of the categories of costs will need to be determined by a forensic accountant, an expert that should be appointed by the court. The court disagrees. Defendant should be able to support his request for costs with receipts showing his expenses. Defendant did not initiate this lawsuit and, to the court's knowledge, has not paid the clerk any fees. To the court's knowledge, no discovery occurred and no court reporters were used during this litigation. Plaintiff likely incurred some printing costs, but has not submitted any documentation to show what costs he incurred. To the court's knowledge, no fees have been disbursed to any witness. It is not clear from the record whether Defendant paid an interpreter for translation services.

Because Defendant has neither made nor supported a specific request for a taxable cost (a dollar amount), the court cannot award any costs. Defendant also failed to support his motion with an affidavit or declaration.

II.  Motions for Sanctions (ECF No. 130 and 131)

A.

A court has several tools available to levy sanctions. A court has inherent authority or implied powers connected to the nature of the institution. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511-12 (6th Cir. 2002). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R.R.. Co.*, 370 U.S. 626, 630-31 (1967)). This inherent authority includes the authority to assess attorney fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (citation modified; quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)).

Rule 11 of the Federal Rules of Civil Procedure provides authority for a district court to award sanctions for motions and papers presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual assertions lack evidentiary support. *First Bank of Marietta*, 307 F.3d at 510 (citing Fed. R. Civ. P. 11(b)(1)-(3)). A court must consider whether counsel's conduct was reasonable under the circumstances. *Salkil v. Mt. Sterling Twp. Police Dept.*, 458 F.3d 520, 528 (6th Cir. 2006). Rule 11 includes a safe harbor provision that must be used before a court may impose sanctions under the rule. *First Bank of Marietta*, 307 F.3d at 510; *see* Fed. R. Civ. P. 11(c)(2). And, a party must initiate the proceedings for Rule 11 sanctions

"prior to final judgment or judicial rejection of the offending contention." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

Title 28, Section 1927 also authorizes a court to sanction an attorney who multiplies the proceedings unreasonably or vexatiously. 28 U.S.C. § 1927. The Sixth Circuit has explained that the phrase refers to "an intentional departure from proper conduct, or, at a minimum, from a reckless disregard of the duty owed by counsel to the court." *United States v. Ross*, 535 F.2d 346, (6th Cir. 1976). Section 1927 uses an objective standard and a court does not need to find bad faith. *Salkil*, 458 F.3d at 532. A court must find that an attorney reasonably should know that the claim was frivolous. *Id.* (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)). Applying this standard, "the mere finding that an attorney failed to undertake a reasonable inquiry does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder*, 109 F.3d at 298. Sanction awards under § 1927 should be limited to "truly egregious cases of misconduct." *Saenz v. Kohl's Dept. Stores, Inc.*, 834 F. App'x 153, 160 (6th Cir. 2020) (citation omitted).

B.

Defendant has not established a sufficient basis for the court to sanction Plaintiffs or counsel. The court cannot award sanctions under Rule 11 because Defendant has not demonstrated that he met the safe harbor provision. Defendant did not serve Plaintiffs with a motion prior to filing the motion with the court to afford Plaintiffs the opportunity to withdraw the allegedly sanctionable filings. And Defendant filed his motion for sanctions after judgment entered.

The court declines to award sanctions under § 1927.  The litigation record does not support the conclusion that counsel multiplied the proceedings unreasonably or vexatiously.  After the court found that the complaint failed to allege sufficient facts to support the claims, counsel filed an amended complaint that attempted to address the factual deficiencies.  This conduct does not establish that counsel acted unreasonably.  Nor does counsel's attempt to address the court's concerns by filing an amended complaint demonstrate vexatiousness.  While the allegations failed to state a claim, the record does not show that counsel's conduct was "truly egregious."

Finally, the court also declines to award sanctions under its inherent authority.  The litigation record, in the court's view, does not support the conclusion that Plaintiffs or counsel acted in bad faith, wantonly, or for oppressive reasons.  It appears the parties have serious disagreements.  Defendant has used social media to express his frustrations.  Although the two parties are literally continents apart, Plaintiffs allege they have suffered some injury as a result of Defendant's social media posts.  The lawsuit was Plaintiffs' response to that situation.

For these reasons, the court **DENIES** Defendant's motion for costs (ECF No.129) and Defendant's motion for sanctions (ECF Nos. 130 and 131).  **IT IS SO ORDERED.**

Date:   February 23, 2026                                         /s/  Paul L. Maloney
                                                                                                   Paul L. Maloney
                                                                                                   United States District Judge